**Ex parte Jay Allen WALKER, Applicant.**

No. 13–90–445–CR.

Court of Appeals of Texas,
Corpus Christi.

July 25, 1991.

Discretionary Review Refused
Oct. 2, 1991.

Douglas Tinker, Corpus Christi, for applicant.

Grant Jones, Corpus Christi, for appellee.

Before DORSEY, KENNEDY, and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

On original submission, we held that an indictment pending against appellant placed him in double jeopardy and ordered the indictment dismissed. Although the State did not file a motion for rehearing, it filed a petition for discretionary review on July 18, 1991. We reconsider our decision pursuant to Tex.R.App.P. 101 and now conclude we do not have jurisdiction to hear appellant's complaint in light of the decision of the Court of Criminal Appeals in *Ex parte Apolinar*, No. 682–90 (Tex.Crim. App. June 19, 1991) (not yet reported). We withdraw our previous opinion and dismiss the appeal for want of jurisdiction.

On November 1, 1990, appellant filed a pleading, entitled "Defendant's Application for Writ of Habeas Corpus and Special Plea in Bar," under the cause number of the pending indictment. The record does not show that a writ of habeas corpus was issued. On November 12, the trial court heard evidence and argument and then stated that he "would overrule the special plea and would deny the double jeopardy claim." The case before us is an attempted appeal of that ruling of the trial court.

Whether the action of the trial court is the denial of a plea in bar or was the denial of relief under an application for writ of habeas corpus determines whether we have jurisdiction to review the court's decision.

A special plea may be used to assert a double jeopardy claim under Tex. Code Crim.Proc.Ann. Art. 27.05 (Vernon 1989). If such a plea is asserted under that article, all issues of fact are determined during the trial on the merits, so as to preclude the determination of double jeopardy in advance of trial. *Apolinar*, Slip Op. at 2; *Keller v. State*, 760 S.W.2d 816, 817 (Tex.App.—Corpus Christi 1988, no pet.). The denial of a special plea in advance of trial is an interlocutory order and not a final judgment. The courts of appeal have not been granted jurisdiction over this sort of interlocutory order. *Apolinar*, Slip Op. at 2. Therefore, the special plea procedure authorized by Article 27.05 does not protect a defendant from being put to trial repeatedly for the same offense; its protection goes only to being repeatedly convicted.

Use of the pretrial writ of habeas corpus is the only way to protect a defendant's fifth amendment right against twice being put to trial. *Apolinar*, Slip Op. at 3. Moreover, a special plea cannot be construed to be a pretrial writ of habeas corpus. *Apolinar*, Slip Op. at 1–3.

There is nothing in the record showing that the trial court issued a writ of habeas corpus. *See* Tex.Code Crim. Proc.Ann. art. 11.10 et seq. (Vernon 1977). A trial court's ruling on an application for writ of habeas corpus is appealable only when the trial court issues the writ and then rules upon the merits of the issue presented. *See, e.g., Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex.Crim.App. 1981). The issuance of the writ is the necessary first step for the trial court to hear the basis for the relief sought. There is no appeal from the refusal of the court to issue the writ. *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex.Crim.App.1983).

Finding no writ of habeas corpus in the record, we conclude that the trial court did not act on the application for the writ. Therefore, the ruling went to appellant's plea in bar, which was the only other matter before the trial court in the hearing.

The denial of the pretrial plea in bar is interlocutory and is not appealable absent a final judgment. *Apolinar*, Slip Op. at 1–3.

The appeal is dismissed for want of jurisdiction.