**The STATE of Texas, Appellant,**

v.

**Alfonso Martinez LARA, Appellee.**

**No. 13–94–454–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 16, 1996.

Reynaldo M. Merino, Rene Guerra, Theodore C. Hake, Edinburg, for appellant.

J.R. "Bobby" Flores, McAllen, for appellee,

## OPINION

JOHN F. ONION [1], Assigned Justice.

The State appeals from the trial court's order granting appellee's "Motion To Dismiss On Double Jeopardy Grounds" whose prayer requested a dismissal of "this action." *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1), (4) (Vernon Supp.1996).

The State's sole point of error contends that the trial court erred in granting the motion because the prior civil forfeiture of property lawsuit [2] which ended in a judgment favorable to the State did not constitute punishment for the purposes of double jeopardy.

### Background

On December 8, 1993, appellee was indicted in Cause No. CR–2454–93–D in the District Court of Hidalgo County charging appellee in two paragraphs of count one with the actual and constructive transfer (delivery) to Ruben Espinosa of more than five but less than fifty pounds of marihuana on or about September 8, 1993. The second count charged appellee with the possession of marihuana on or about September 8, 1993 "on which no tax had been paid as required by Chapter 159 of the Texas Tax Code." The latter offense was a separate and distinct offense from the offense charged in the first counts. *See Ex parte Kopecky,* 821 S.W.2d 957, 960 (Tex.Crim.App.1992); *State v. Perez,* 906 S.W.2d 558, 560–61 (Tex.App.—San Antonio 1995, pet. granted).

On January 27, 1994, appellee was arraigned, entered a plea of guilty to both counts of the indictment, and requested trial by jury. On August 8, 1994, appellant filed his "Motion To Dismiss On Double Jeopardy Grounds" in the 206th District Court. The handwritten motion was not verified nor did it specify the federal or state constitutional or statutory provision on which it relied to sustain its double jeopardy claim. It simply alleged that appellee had been deprived of

his property, a 1986 Chevrolet van and $1,063, by a judgment in the 275th District Court; that he felt that he had already been punished and that a subsequent trial based *on the same facts* would constitute double jeopardy; and that he objected to being punished again. The motion contained no identity of offenses or reference to the "same offense." No prior pleadings or judgments were attached. The motion concluded with a prayer that requested a dismissal of "this action."

After a brief hearing, the trial court granted appellee's motion upon the basis of *Fant v. State,* 881 S.W.2d 830 (Tex.App.—Houston [14th Dist.] 1994, pet. granted) (holding in effect that forfeiture of property under the Texas Forfeiture Statute (Chapter 59 of the Texas Code of Criminal Procedure) must be characterized as punitive for double jeopardy purposes). Thus, the trial court in the instant case held that an earlier forfeiture of certain property barred prosecution of an indictment charging two distinct and separate offenses on the basis of double jeopardy. The prosecution was terminated at that point.

### Current Double Jeopardy Controversy

Rejecting the argument that a penalty assessed in a civil proceeding may not give rise to double jeopardy, the United States Supreme Court in *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) held that civil sanctions may be punitive for double jeopardy purposes. The Court concluded that a criminal conviction can violate a defendant's double jeopardy protection against multiple punishments if the civil penalty imposed is so extreme that it subjects the offender to a sanction overwhelmingly disproportionate to the damage caused. *Ex parte Rogers,* 804 S.W.2d 945, 949 (Tex.App.Dallas, 1990). In the wake of *Halper* came *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) and *Montana Dept. of Revenue v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937,

---

1. Assigned to this Court by the Chief Justice of the Texas Supreme Court pursuant to Tex.Gov't Code Ann. § 74.003 (Vernon 1988).

2. *See* TEX CODE CRIM.PROC.ANN. Chapter 59 (Vernon Supp.1996).

128 L.Ed.2d 767 (1994). *Austin* held that the federal forfeiture statute did not serve solely a remedial purpose and that forfeiture under the civil statute constituted punishment to which the Eighth Amendment's excessive fines clause applied. The Court noted that forfeiture has historically been considered punishment. In *Kurth Ranch,* the Court held that a defendant convicted and punished for a criminal offense may not have a nonremedial civil penalty (tax assessment) imposed against him for the same offense in a separate proceeding. Here, the *Halper* disproportionality analysis was not applicable. A murky area of the law has now arisen. *See Ex parte Tomlinson,* 886 S.W.2d 544, 546 (Tex.App.—Austin 1994, no pet.). The federal courts are at odds. Compare *United States v. Ursery,* 59 F.3d 568 (6th Cir.1995), *cert. granted* (holding that the civil forfeiture was "punishment" for double jeopardy purposes and that both proceedings involved the "same offense") and *United States v. $405,089.23 In U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *cert. granted* (holding civil forfeiture is "punishment" barred by double jeopardy following criminal convictions) with *United States v. Tilley,* 18 F.3d 295 (5th Cir.1994) (holding forfeiture of drug proceeds is remedial and does not bar a subsequent prosecution for sale of drugs). Texas courts are also divided. The *Halper* disproportionality analysis has been frequently applied to determine whether a civil forfeiture constitutes "punishment" for double jeopardy purposes. *See, e.g., Ex parte Camara,* 893 S.W.2d 553, 555 (Tex.App.—Corpus Christi 1994, no pet.); *Johnson v. State,* 882 S.W.2d 17 (Tex. App.—Houston [1st Dist.] 1994, pet. granted); *Walker v. State,* 828 S.W.2d 485 (Tex. App.—Dallas 1992, pet. ref'd.). *Fant,* upon which the trial court in the instant case relied, determined that forfeiture under the Texas Forfeiture Statute amounts to "pun-

ishment" for double jeopardy purposes. *Fant,* 881 S.W.2d at 834; *see also Ex parte Ariza,* 913 S.W.2d 215 (Tex.App.—Austin 1995, pet. filed).

■ In the instant case we need not reach this issue in light of the record before this Court. We agree with the State that the trial court erred in granting appellee's motion to dismiss but for reasons other than that urged.[3]

### No Valid Motion

■ We find no statutory or other authority for a pretrial motion such as filed by appellee—that is to have the prosecution against him terminated without going to trial. *See* George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure,* Ch. 30, B, § 30.61–30.72, Texas Practice at 124–133 (discussing authorized motions to dismiss by defendants).

■ A defendant, of course, may file a statutory plea in order to assert a former jeopardy claim. Tex.Code Crim.Proc.Ann. art. 27.05 (Vernon 1989). He may also file an application for a pretrial writ of habeas corpus to present his Fifth Amendment claim. *See Apolinar v. State,* 820 S.W.2d 792, 794 (Tex.Crim.App.1991). Appellee's motion is neither a statutory plea nor a pretrial habeas corpus application.

### The Statutory Plea

■ A special plea of former jeopardy under article 27.05 must be verified. Tex.Code Crim.Proc.Ann. art. 27.06 (Vernon 1989). It has been held that the courts will not consider an unverified special plea. *Lavan v. State,* 363 S.W.2d 139, 141 (Tex.Crim.App. 1962); *Morrison v. State,* 339 S.W.2d 529, 532 (Tex.Crim.App.1960). In addition, a special plea of former jeopardy should be com-

---

3. Texas Courts of Appeals, having acquired jurisdiction of a criminal case, may entertain unassigned error. A constitutional grant of appellate jurisdiction treats a right of appeal in criminal cases as a remedy to revise the whole case on the law and facts exhibited in the record. Once the jurisdiction is invoked, exercise of reviewing functions is limited only by the appellate court's own discretion or valid restrictive statute. *Carter v. State,* 656 S.W.2d 468, 469–70 (Tex.Crim.App.

1983); *see also Lopez v. State,* 708 S.W.2d 446, 448 (Tex.Crim.App.1986); *Barney v. State,* 698 S.W.2d 114, 123 (Tex.Crim.App.1985); *Izaguirre v. State,* 695 S.W.2d 224, 228 (Tex.App.—Corpus Christi 1985, no pet.); *Garza v. State,* 676 S.W.2d 185, 187 (Tex.App.—Corpus Christi 1984, pet. refused) (holding the authority of the Court of Appeals to consider unassigned error in criminal cases is not open to question).

plete in itself and must set up facts assumed to constitute the defense including the identity of the offenses and the person so previously acquitted or convicted. The plea should contain the pleadings of the former prosecution, show the result of the former proceedings and some disposition of the case. 22 Tex.Jur.3d, *Criminal Law*, § 2433 at 784–85 (1982).

Appellee's unsworn motion has been previously described. It does not meet the qualifications described above.[4] Moreover, article 27.07 provides that:

> [A]ll issues of fact presented by a special plea shall be tried by the trier of fact *on the trial on the merits.* (emphasis added).

■ Thus, the special plea is not to be determined before trial so as to terminate the prosecution. If the trial court determines that the special plea presents a legally sufficient claim, it must be submitted to the trier of fact together with the plea of not guilty. *Apolinar*, 820 S.W.2d at 794. If the special plea does not present a legally sufficient former jeopardy claim, it need not be submitted to the trier of fact. *Id.* at 793. The statutory language of article 27.07 permits the accused to be twice put to trial before the merits of his former jeopardy claim may be reached. *Id.* at 794. This is the conclusion reached earlier by the Fifth Circuit Court of Appeals:

> Texas law provides that a claim of former jeopardy may be raised at the inception of the prosecution under attack, but that the facts concerning the special Plea are determined in the course of the trial on the merits. *See* Vernon's Ann.C.C.P. art. 27.05 & 27.07 (1966 & Supp.1981). The Plea is a mechanism for avoidance of reconviction, not retrial. In its limited function, it falls short of the protections extended to criminal defendants by the double jeopardy clause of the fifth amendment. *Baker v. Metcalfe*, 633 F.2d 1198, 1200 n. 3 (5th Cir.) *cert. denied* 451 U.S. 974, 101 S.Ct. 2055, 68 L.Ed.2d 354

(1981), citing *Abney v. United States*, 431 U.S. 651, 661, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977), as applicable to the states through the fourteenth amendment, *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

*Robinson v. Wade*, 686 F.2d 298, 302 n. 3 (5th Cir.1982).

*Apolinar* cited *Robinson* with approval and further held that there is no statutory provision which grants the courts of appeals jurisdiction over a special plea of double jeopardy before a final judgment has been entered. *Apolinar*, 820 S.W.2d at 794.

■ Even if appellee could transform his unsworn "motion to dismiss" into a special plea of former jeopardy, the trial court was without authority to make a pretrial determination to terminate the prosecution, and this court would have no jurisdiction over a special plea before a final judgment in a criminal case has been entered. *Apolinar*, 820 S.W.2d at 794.

### Pretrial Habeas Corpus

■ Appellee was not, however, without a remedy to prevent having to run the gauntlet a second time if double jeopardy was involved. Appellee was entitled to file an application for the issuance of a pretrial writ of habeas corpus to the effect that a trial on the merits of an indictment would subject him to double jeopardy. This is an appropriate method for a defendant to present a Fifth Amendment claim. *Apolinar*, 820 S.W.2d at 794; *Stephens v. State*, 806 S.W.2d 812, 814 (Tex.Crim.App.1990), *cert. denied*, 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991); *Ex parte Rathmell*, 717 S.W.2d 33, 34 (Tex. Crim.App.1986); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim.App.1982); *Ex parte Carter*, 849 S.W.2d 410, 413 (Tex. App.—San Antonio 1993, pet. ref'd).

■ Justice Dorsey speaking for this Court in *Ex parte Walker*, 813 S.W.2d 570

---

4. The label on the motion is immaterial. Motions similarly entitled as appellee's have been considered as proper special pleas of former jeopardy. *See, e.g., Dedmon v. State*, 478 S.W.2d 486, 489 (Tex.Crim.App.1972); *Shaffer v. State*, 477 S.W.2d 873, 874 (Tex.Crim.App.1971); *Ca-

sey v. State*, 828 S.W.2d 214, 215 (Tex.App.— Amarillo 1992, no pet.); *Berrios–Torres v. State*, 802 S.W.2d 91, 93 (Tex.App.—Austin 1990, no pet.). These motions, however, met the qualifications of a special plea and were not used to terminate the prosecution at a pretrial stage.

(Tex.App.—Corpus Christi 1991, pet. ref'd), explained that the use of a pretrial writ of habeas corpus is the only way to protect a defendant's Fifth Amendment right against twice being put to trial. *Id.* at 571. Justice Dorsey also noted that a special plea cannot be construed to be a pretrial writ of habeas corpus, citing *Apolinar,* 820 S.W.2d at 793–94.

■ The issuance of a writ is the necessary first step for the trial court to conduct a habeas corpus hearing on the relief sought. *Ex parte Noe,* 646 S.W.2d 230, 231 (Tex. Crim.App.1983). There is nothing in the instant record to show that the trial court issued a writ of habeas corpus. *See* Tex. Code Crim.Proc.Ann. art. 11.01, et. seq. (Vernon 1977 & Supp.1996). The trial court's action on a habeas corpus matter is appealable only after the trial court issued the writ and then rules on the merits of the issue. If the defendant is denied relief, he may appeal. *See, e.g., Ex parte Moorehouse,* 614 S.W.2d 450, 451 (Tex.Crim.App.1981); *Carter,* 849 S.W.2d at 413; *Walker,* 813 S.W.2d at 571. If relief is granted, the State may appeal. Tex.Code Crim.Proc.Ann. art. 44.01(a)(1), (4) (Vernon Supp.1996); *see also State v. Romero,* 907 S.W.2d 858 (Tex.App.—Houston [1st Dist.] 1995, pet. filed); *State v. DeSantio,* 899 S.W.2d 787 (Tex.App.—El Paso 1995, no pet.).

■ We find no writ of habeas corpus in the instant case and conclude that the trial court did not issue such writ.[5] The trial court's ruling went to appellee's "motion to dismiss" for which there is no specific statutory provision. The "motion" was not a special plea of former jeopardy and if it was, this Court would have no jurisdiction. And the unsworn motion was not a pretrial application for a writ of habeas corpus; no writ was issued. The trial court erred in granting appellee's motion. The trial court's action

terminated the prosecution and the State clearly had the right to appeal. Tex.Code Crim.Proc.Ann. art. 44.01(a)(1), (4) (Vernon Supp.1996).

■ The judgment and order of the trial court is reversed and the cause is remanded to the trial court. In the event the issue of double jeopardy is properly raised, it is an accused's burden to establish a double jeopardy violation, *Anderson v. State,* 635 S.W.2d 722, 725 (Tex.Crim.App.1982), and to show that he is entitled to the relief he seeks. *Hoang v. State,* 810 S.W.2d 6, 8 (Tex.App.—Dallas 1991), *aff'd.,* 872 S.W.2d 694 (Tex. Crim.App.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 177, 130 L.Ed.2d 112 (1994). This necessarily includes an identity of the offenses and person. *Tomlinson,* 886 S.W.2d at 547.

DORSEY, Justice, dissenting.

I disagree with Judge Onion's analysis and result for several reasons, the most basic of which is that we are reversing on grounds not presented to either the trial court or this court, thus breaching the most fundamental principle of appellate procedure. The appellant has never raised any objection, either here or below, that Lara's challenge to prosecution was not in the proper form, nor has it here challenged the sufficiency of the evidence. I would reach the merits and hold that the trial court did not err in ruling that the prior forfeiture barred the criminal prosecution. Accordingly, I respectfully dissent.

## I.

The State brings this appeal. It has only one point of error:

> The trial court erred in granting appellee's motion to dismiss on double jeopardy grounds because the civil forfeiture of appellee's property does not constitute punishment for purposes of double jeopardy.

---

5. In addition, appellee's "motion to dismiss" was not verified. An application for the issuance of a writ of habeas corpus must be made under oath. *See* Tex.Code Crim.Proc.Ann. art. 11.14(5) (Vernon 1977); *cf. Ex parte Johnson,* 811 S.W.2d 93 (Tex. Crim.App.1991). Habeas corpus proceedings are also separate and distinct proceedings independent of the cause instituted by the return of the indictment. Such habeas corpus proceedings should be docketed separate from the criminal case and given a different cause number. These proceedings are normally styled "Ex parte [name of person restrained]." *Carter,* 849 S.W.2d at 411–12, n. 2 & n. 3. This was not done in the instant case. *See also Ex parte Anderson,* 902 S.W.2d 695 n. 1 (Tex.App.—Austin 1995, pet. ref'd).

The State's argument under this point of error discusses that precise question and analyzes the trilogy of applicable cases from the U.S. Supreme Court, *Halper, Austin,* and *Kurth Ranch,*[1] as well as the cases from the various courts of appeals of Texas. The issue addressed in all is whether the forfeiture of a criminal defendant's property for the commission of a crime is "punishment" to bar subsequent prosecution of that crime under the double jeopardy provision of the Federal Constitution.

The State does not question the method by which Lara brought his claim to the attention of the trial court. Although the trial court may very well have been in error in addressing the issue because it was not properly presented, that question is not before us. We are prohibited from addressing such unassigned, unpreserved error, except in the narrowest of circumstances, such as jurisdictional defects. Construing the State's point of error and argument liberally, there is no hint that the State questions the method in which the issue was raised at the trial court. Because appellant does not seek a reversal of the trial court's judgment on procedural grounds, we should not address that question.

## II.

Similarly, appellant does not raise an issue of insufficient evidence to sustain the trial court's ruling that the forfeitures arose from the same offenses for which Lara was being prosecuted. However, there is evidence that the forfeitures were grounded in the fact that the money and the van forfeited were contraband. The State as plaintiff alleged that "the money seized herein were proceeds from the sale of narcotics and the vehicle seized herein was used in the delivery of approximately eighteen pounds of marihuana."

If we were to review the evidence, we would do so with deference to the implied findings of the trial judge consistent with the

judgment. That is, we would construe the evidence in the light most favorable to the factual findings of the court. That being so, we would have to conclude there was some evidence from which the fact finder could have concluded the forfeitures were for the same offenses that were being prosecuted in the present case.

## III.

The United States Supreme Court has determined that forfeitures such as these are punishment as a matter of law. *Austin v. United States,* 509 U.S. 602, 621–23, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993). In *Austin,* a defendant pleaded guilty to possession of cocaine with intent to distribute. *Id.* at 604–06, 113 S.Ct. at 2803. The Government then sought forfeiture[2] of the defendant's business and mobile home, locations where he had sold and stored the cocaine. *Id.* The defendant argued that the forfeiture of his home and business violated the Eighth Amendment Excessive Fines Clause. *Id.*

The Supreme Court began its examination of this argument by holding that the characterization of a forfeiture as "civil" or "criminal" was not determinative of whether the Eighth Amendment was implicated. *Id.* at 610–11, 113 S.Ct. at 2806. Rather, the important question was whether or not the forfeiture amounted to punishment. *Id.* The Court, noting its statement in the earlier case of *United States v. Halper* that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term," therefore set out to determine whether the federal forfeiture statute served, at least in part, to punish the wrongdoer. *See id.* (quoting *United States v. Halper,* 490 U.S. 435, 448, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989)).

---

1. *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *Montana Dept. of Revenue v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).

2. Pursuant to the federal forfeiture statute, 21 U.S.C. § 881.

The Court examined the history of forfeitures in English and American common law, and determined that forfeiture has long been, and still is, considered a form of punishment. *Austin*, 509 U.S. at 618–19, 113 S.Ct. at 2810. As the Court stated, "[t]he First Congress passed laws subjecting ships and cargos involved in customs offenses to forfeiture.... [E]xamination of those laws suggests that the First Congress viewed forfeiture as punishment." *Id.* at 613, 113 S.Ct. at 2807. The Court noted that it "consistently has recognized that forfeiture serves, at least in part, to punish the owner." *Id.* at 618, 113 S.Ct. at 2810.

The Court then went on to examine the federal forfeiture provisions of 21 U.S.C. § 881. The Court noted that the statute expressly provides an "innocent owner" defense, which focuses the provisions on the culpability of the owner. *Id.* The Court further noted that the provisions at issue tied forfeiture directly to the commission of drug offenses, which further reveals the penal nature of the federal statute. *Id.* at 620, 113 S.Ct. at 2811.

The Court rejected the Government's argument in *Austin* that the forfeiture statutes were remedial in nature because they removed the instruments of the drug trade from the community, thereby protecting it from the threat of continued drug dealing. *Id.* In rejecting this argument, the Court noted that while the forfeiture of *contraband itself* may be characterized as remedial, the forfeiture of other property not inherently illegal to own is not remedial. *Id.* (citing *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965) (rejecting the Government's attempt to extend the remedial nature of the forfeiture of illegal liquor to conveyances used to transport that liquor, and noting that "[t]here is nothing even remotely criminal in possessing an automobile.")). The Court stated that "the Government's attempt to characterize [Austin's forfeited] properties as 'instruments' of the drug trade must meet the same fate as Pennsylvania's effort to characterize the 1958 Plymouth Se-

dan as 'contraband.' " *Austin*, 509 U.S. at 621, 113 S.Ct. at 2811.

The Government also argued in *Austin* that, because forfeited assets serve to compensate the Government for the expense of law enforcement activity and for its expenditures on societal problems such as urban blight, drug addiction, and other health concerns resulting from the drug trade, the forfeiture of Austin's assets was remedial rather than punitive. *Id.* The Court rejected this argument also, stating that

> the dramatic variations in the value of conveyances and real property forfeitable under [the federal forfeiture statutes] undercut any similar argument with respect to those provisions. The Court made this very point in *Ward:* the "forfeiture of property ... [is] a penalty that ha[s] absolutely no correlation to any damages sustained by society or to the cost of enforcing the law."

*Id.* at 621, 113 S.Ct. at 2812 (quoting *United States v. Ward*, 448 U.S. 242, 254, 100 S.Ct. 2636, 2644, 65 L.Ed.2d 742 (1980)). The Court held that, since the federal forfeiture statutes were not solely remedial in nature, Austin's forfeiture of his property was punishment, and was therefore subject to an Eighth Amendment Excessive Fines Clause analysis. *Id.*

Two Texas Courts of Appeals have held that a forfeiture bars a subsequent prosecution under *Austin*. *Fant v. State*, 881 S.W.2d 830 (Tex.App.—Houston [14th Dist.] 1994, pet. granted); *Ex parte Ariza*, 913 S.W.2d 215 (Tex.App.—Austin 1995, orig. proceeding). The issue is presently before the Texas Court of Criminal Appeals. I would disavow our earlier opinion of *Ex parte Camara*, 893 S.W.2d 553 (Tex.App.—Corpus Christi 1994, orig. proceeding), because I believe it to be wrongly analyzed and decided. *Camara* distinguished the *Austin* case because *Austin* involved the excessive fines clause of the Eighth Amendment rather than the Fifth Amendment's double jeopardy provision. I do not believe that this is appropriate, and agree with the *Ariza* court that this is "a distinction without a difference." *Ariza*, 913 S.W.2d at 222 n. 4.[3]

---

**3.** Several federal circuit courts have also rejected     this distinction in the time since this Court decid-

I would affirm the judgment below and hold that the prior forfeiture of assets constituted punishment and barred Lara's subsequent prosecution.

I respectfully dissent.

YAÑEZ and CHAVEZ, JJ., join in the dissent.

ed *Camara.* *United States v. 9844 S. Titan Ct.,* 75 F.3d 1470 (10th Cir.1996); *United States v. Perez,* 70 F.3d 345, 348–49 (5th Cir.1995); *United States v. Baird,* 63 F.3d 1213, 1216 (3rd Cir.1995); *United States v. Ursery,* 59 F.3d 568, 572–73 (6th Cir.1995); *United States v. $405,089.23,* 56 F.3d 41, 42 (9th Cir.1995) (modification of opinion on denial of motion for rehearing).