**Ex parte Darren McGavin ISRAEL.**

No. 06–96–00042–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 23, 1996.

Decided Oct. 23, 1996.

**14**

R. Kent Phillips, Longview, for appellant.

C. Patrice Savage, Assistant District Attorney, Ebb B. Mobley, Longview, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

CORNELIUS, Chief Justice.

Darren Israel appeals from the trial court's denial of relief pursuant to his application for writ of habeas corpus. He contends that the court erred by denying his request for release from incarceration based on his claim of double jeopardy. *See Ex parte Walker*, 813 S.W.2d 570, 571 (Tex. App.—Corpus Christi 1991, pet. ref'd).

Israel is awaiting trial on a charge of possession of controlled substances with intent to deliver. When he was arrested, the State seized and forfeited certain of his property pursuant to TEX.CODE CRIM. PROC. ANN. art. 59.01, et seq. (Vernon Supp.1996). Israel filed an application for writ of habeas corpus in which he contended that he was wrongfully held on the criminal charge because the forfeiture of his property constituted punishment for the same offense. The trial court denied relief, and Israel has appealed.

The exact contention raised in this case was addressed by the Court of Criminal Appeals in *Ex parte Fant*, 931 S.W.2d 299 (Tex. Crim.App.1996). In that case, the Court applied the rationale and followed the holdings of the United States Supreme Court in *United States v. Ursery*, 518 U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). In *Ursery* the Supreme Court reviewed a similar civil forfeiture statute on a double jeopardy challenge to see if it was civil in nature, and whether it was shown by the clearest evidence to be so punitive in form and effect as to render it criminal punishment.

In *Fant*, the Court applied the *Ursery* guidelines to the Texas forfeiture statutes. The Court reviewed the statutes and their legislative enactment and history and held that the Texas forfeiture statutes under Chapter 59 of the Code of Criminal Procedure were meant by the Legislature to be civil *in rem* proceedings, and that they are not criminal sanctions.

In applying the second factor of *Ursery*, the Court ruled that the Texas forfeiture statutes "have not been shown by the 'clearest proof' to be 'so punitive in form and effect as to render them criminal.'" *Ex parte Fant*, at 307–308. Therefore, they are not criminal sanctions, and double jeopardy does not prohibit a criminal trial when the forfeiture precedes the criminal trial.[1]

The judgment of the trial court is affirmed.

STARR, J., not participating.

---

**1.** As in *Fant,* this analysis applies a review under the Fifth Amendment of the United States Constitution, because no separate analysis or argument was made under the Texas Constitution.