SOT v. Arnoldo Gracia




NUMBER 13-00-028-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI



 THE STATE OF TEXAS, Appellant,

v.


 ARNOLDO GRACIA, Appellee.


On appeal from the 138th District Court of Cameron County, Texas.


____________________________________________________________________

MEMORANDUM OPINION


Before Justices Hinojosa, Castillo, and Amidei (1)


Opinion by Justice Hinojosa



The State appeals from the trial court's order granting appellee's "Motion to Dismiss Based on Double
Jeopardy." See Tex. Code Crim. Proc. Ann. art. 44.01(a)(1), (4) (Vernon Supp. 2001). As we previously held in State v.
Lara, 924 S.W.2d 198, 201 (Tex. App.-Corpus Christi 1996, no pet.), we find no authority for a defendant's pretrial
motion to have the prosecution against him terminated without going to trial. Id. at 201.

A defendant may file a statutory plea in order to assert a former jeopardy claim. Tex. Code Crim. Proc. Ann. art. 27.05
(Vernon 1989). (2)
 He may also file an application for a pretrial writ of habeas corpus to present a Fifth Amendment claim. 
See Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). However, article 27.07 provides that "all issues of
fact presented by a special plea shall be tried by the trier of fact on the trial on the merits." See Tex. Code
Crim. Proc. Ann. art. 27.07 (Vernon 1989). Therefore, a special plea cannot be determined before trial to
stop the prosecution. Lara, 924 S.W.2d at 202. If the trial court determines that the special plea presents a
legally sufficient claim, it must be submitted to the trier of fact, together with the plea of not guilty. 
Apolinar, 820 S.W.2d at 794. If the special plea does not present a legally sufficient former jeopardy claim,
it does not need to be submitted to the trier of fact. Id. at 793. Article 27.07 allows the accused to be
twice put to trial before the merits of his former jeopardy claim can be reached. Id. at 794. The plea is a
mechanism for avoidance of reconviction, not retrial. Lara, 924 S.W.2d at 202 (quoting Robinson v. Wade, 686
F.2d 298, 303 n.3 (5th Cir. 1982)).

Further, there is no statutory provision granting the courts of appeals jurisdiction over a special plea of
double jeopardy before a final judgment has been entered. Apolinar, 820 S.W.2d at 794. Even if we were to
conclude that appellee's motion to dismiss was a special plea of former jeopardy, we would have to hold
that the trial court did not have authority to make a pretrial decision to terminate the prosecution, and
that this Court does not have jurisdiction to review a special plea before a final judgment in a criminal
case has been entered. Id.

We reverse the trial court's order granting appellee's motion to dismiss and remand this case to the trial
court for further proceedings consistent with this opinion.


FEDERICO G. HINOJOSA

Justice


Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

16th day of August, 2001.
1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. §
74.003 (Vernon 1998).
2. A special plea of former jeopardy under article 27.05 must be verified by the affidavit of the defendant. Tex. Code Crim. Proc. Ann. art. 27.06
(Vernon 1989). It has been held that the courts will not consider an unverified special plea. Lavan v. State, 363 S.W.2d 139, 141 (Tex. Crim. App.
1962); Morrison v. State, 339 S.W.2d 529, 532 (Tex. Crim. App. 1960). In addition, a special plea of former jeopardy should be complete in itself
and must set up facts assumed to constitute the defense including the identity of the offenses and the person so previously acquitted or convicted. 
State v. Lara, 924 S.W.2d 198, 201-02 (Tex. App.-Corpus Christi 1996, no pet.). The plea should contain the pleadings of the former prosecution,
show the result of the former proceedings and some disposition of the case. Id. at 202.