NO. 07-03-0097-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 6, 2004

_____


PAUL JAMES GRUDZIEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2159; HONORABLE GORDON H. GREEN, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of nolo contendre pursuant to a plea bargain, upon a bench trial,

appellant Paul James Grudzien, was found guilty of tampering with physical evidence and

sentenced to two years confinement. The trial court granted appellant the right to appeal

issues raised in his pretrial motion to dismiss the indictment. In three points of error, appellant challenges his conviction on double jeopardy grounds. We affirm.

On November 6, 2002, the Bailey County Grand Jury returned a true bill of indictment against appellant for the third degree felony offense of tampering with physical evidence alleged to have been committed on or about October 26, 2002. Before his conviction in this proceeding, on January 30, 2003, appellant was convicted of the class B misdemeanor offense of possession of marihuana under two ounces alleged to have occurred on October 26, 2002. On February 4, 2003, appellant filed an unverified motion to dismiss the indictment contending that his misdemeanor conviction for possession of marihuana barred his subsequent prosecution for tampering with physical evidence on the basis of double jeopardy. Following a pretrial hearing, the trial court denied the motion, after which appellant entered his nolo contendere plea pursuant to a plea bargain with the State.

By his first point of error, appellant contends the trial court erred in denying his motion to dismiss. With point of error two, appellant maintains he "was subjected to double jeopardy when he was convicted for tampering with evidence, the substance of which was the concealment of the same marijuana which he had been convicted of possessing." Appellant claims by his final point that he was denied the protections against double jeopardy afforded him by the federal and state constitutions and article 1.10 of the Code of Criminal Procedure. With each point, we disagree.

In order to preserve a complaint for review on appeal, the action or omission alleged as error must have been the basis of a timely request, objection, or motion specifying the action the trial court was requested to take, or to forebear from taking, and an adverse ruling must have been obtained. *See* Tex. R. App. P. 33.1(a). This rule ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time. *See* Hull v. State, 67 S.W.3d 215, 217 (Tex.Cr.App. 2002). However, because appellant's motion to dismiss the indictment was neither a verified special plea, nor a pretrial writ of habeas corpus--the procedural vehicles by which "successive prosecutions for the same offense" claims may be made, *see* Tex. Code Crim. Proc. Ann. arts. 27.05 & 27.06 (Vernon 1989), *see also* State v. Lara, 924 S.W.2d 198, 201 (Tex.App.–Corpus Christi 1996, no pet.) the complaint is not preserved for review. Where, as here, appellant's motion to dismiss was not verified, no error is preserved for appellate review. *See Lara*, 924 S.W.2d at 201; *see also* Casey v. State, 828 S.W.2d 214, 216 (Tex.App.–Amarillo 1992, no pet.). Although the title or preamble to a plea or motion does not control the legal determination of whether an issue is properly raised before the trial court, *Lara*, 924 S.W.2d at 202 n.4, before it could be considered as a special plea, it should have been verified and contained the pleadings of the former prosecution, shown the result of the former proceedings, and revealed some disposition of the case. *Lara*, 924 S.W.2d at 202. Moreover, the motion to dismiss does not qualify as a pretrial writ of habeas corpus–the other appropriate method for a defendant to present a double jeopardy

3

claim. Apolinar v. State, 820 S.W.2d 792, 794 (Tex.Cr.App. 1991). Thus, the trial court did not err in denying appellant's motion to dismiss the indictment.

Further, the Fifth Amendment to the United States Constitution provides no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Texas Constitution states: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction. Tex. Const. art. I, § 14. Article 1.10 of the Code of Criminal Procedure tracks the language of the double jeopardy clause of the state constitution. (Vernon 1977). Conceptually, the Texas and federal versions of the double jeopardy clause are identical. Stephens v. State, 806 S.W.2d 812, 814 (Tex.Cr.App. 1990), *cert. denied*, 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991). That is to say, the Texas double jeopardy clause affords no greater protection than the federal clause. *Id*. at 815. The double jeopardy clause specifically protects against three distinct abuses by state authority: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187, 194 (1977); Ex parte Rhodes, 974 S.W.2d 735, 738 (Tex.Cr.App. 1998).

To determine whether appellant's conviction for possession of marihuana bars further prosecution for the same offense, we utilize the "same elements" test, which

4

considers whether each offense contains an element not present in the other. *See* Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306, 309 (1932). If they do, they are not considered the "same offense" for double jeopardy purposes, and a successive prosecution is not barred. *See* United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556, 568 (1993). The essential elements relevant to a jeopardy inquiry are those of the charging instrument, not of the penal statute itself. Parrish v. State, 869 S.W.2d 352, 354 (Tex.Cr.App. 1994); *see also* State v. Perez, 947 S.W.2d 268, 272 (Tex.Cr.App. 1997).

By his trial brief and brief herein, appellant acknowledges that "courts should look to the elements of the offense as described in the charging instrument as well as the statutory elements when conducting a Blockburger analysis." Notwithstanding that acknowledgment, however, appellant did not provide the trial court with a copy of the instrument used to charge him with possession of marihuana.[1] Thus, appellant has failed to preserve his double jeopardy claim. *See Lara,* 924 S.W.2d at 203 (holding it is the accused's burden to establish a double jeopardy violation); *cf.* Gonzales v. State, 8 S.W.3d

---

[1]Appellant did provide the trial court with a certified copy of the judgment of community supervision in the possession case; however, that document did not set out the elements of the offense as alleged in the charging instrument.

5

640, 645 (Tex.Cr.App. 2000) (appellant has burden of presenting a record showing on its face any multiple punishments violation).[2]  Appellant's three points are overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.

---

[2]We are not persuaded the State's stipulation at trial that "the marijuana that he is convicted of possessing in the county court is the same marijuana that forms the basis of the complaint in this case" establishes a double jeopardy violation on its face.  The protection against double jeopardy is inapplicable where, as here, separate and distinct offenses occur during the same transaction.  Spradling v. State, 773 S.W.2d 553, 556 (Tex.Cr.App. 1989).