NO. 07-03-0097-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 6, 2004



______________________________




PAUL JAMES GRUDZIEN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;



NO. 2159; HONORABLE GORDON H. GREEN, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following his plea of nolo contendre pursuant to a plea bargain, upon a bench trial, 
appellant Paul James Grudzien, was found guilty of tampering with physical evidence and
sentenced to two years confinement. The trial court granted appellant the right to appeal
issues raised in his pretrial motion to dismiss the indictment. In three points of error,
appellant challenges his conviction on double jeopardy grounds. We affirm.

 On November 6, 2002, the Bailey County Grand Jury returned a true bill of
indictment against appellant for the third degree felony offense of tampering with physical
evidence alleged to have been committed on or about October 26, 2002. Before his
conviction in this proceeding, on January 30, 2003, appellant was convicted of the class
B misdemeanor offense of possession of marihuana under two ounces alleged to have
occurred on October 26, 2002. On February 4, 2003, appellant filed an unverified motion
to dismiss the indictment contending that his misdemeanor conviction for possession of
marihuana barred his subsequent prosecution for tampering with physical evidence on the
basis of double jeopardy. Following a pretrial hearing, the trial court denied the motion,
after which appellant entered his nolo contendere plea pursuant to a plea bargain with the
State. 

 By his first point of error, appellant contends the trial court erred in denying his
motion to dismiss. With point of error two, appellant maintains he "was subjected to
double jeopardy when he was convicted for tampering with evidence, the substance of
which was the concealment of the same marijuana which he had been convicted of
possessing." Appellant claims by his final point that he was denied the protections against
double jeopardy afforded him by the federal and state constitutions and article 1.10 of the
Code of Criminal Procedure. With each point, we disagree.


 In order to preserve a complaint for review on appeal, the action or omission alleged
as error must have been the basis of a timely request, objection, or motion specifying the
action the trial court was requested to take, or to forebear from taking, and an adverse
ruling must have been obtained. See Tex. R. App. P. 33.1(a). This rule ensures that trial
courts are provided an opportunity to correct their own mistakes at the most convenient
and appropriate time. See Hull v. State, 67 S.W.3d 215, 217 (Tex.Cr.App. 2002). 
However, because appellant's motion to dismiss the indictment was neither a verified
special plea, nor a pretrial writ of habeas corpus--the procedural vehicles by which
"successive prosecutions for the same offense" claims may be made, see Tex. Code Crim.
Proc. Ann. arts. 27.05 & 27.06 (Vernon 1989), see also State v. Lara, 924 S.W.2d 198, 201
(Tex.App.-Corpus Christi 1996, no pet.) the complaint is not preserved for review. Where,
as here, appellant's motion to dismiss was not verified, no error is preserved for appellate
review. See Lara, 924 S.W.2d at 201; see also Casey v. State, 828 S.W.2d 214, 216
(Tex.App.-Amarillo 1992, no pet.). Although the title or preamble to a plea or motion does
not control the legal determination of whether an issue is properly raised before the trial
court, Lara, 924 S.W.2d at 202 n.4, before it could be considered as a special plea, it
should have been verified and contained the pleadings of the former prosecution, shown
the result of the former proceedings, and revealed some disposition of the case. Lara, 924
S.W.2d at 202. Moreover, the motion to dismiss does not qualify as a pretrial writ of
habeas corpus-the other appropriate method for a defendant to present a double jeopardy
claim. Apolinar v. State, 820 S.W.2d 792, 794 (Tex.Cr.App. 1991). Thus, the trial court
did not err in denying appellant's motion to dismiss the indictment. 

 Further, the Fifth Amendment to the United States Constitution provides no person
shall "be subject for the same offense to be twice put in jeopardy of life or limb." The
Texas Constitution states: "No person, for the same offense, shall be twice put in jeopardy
of life or liberty, nor shall a person be again put upon trial for the same offense, after a
verdict of not guilty in a court of competent jurisdiction. Tex. Const. art. I, § 14. Article
1.10 of the Code of Criminal Procedure tracks the language of the double jeopardy clause
of the state constitution. (Vernon 1977). Conceptually, the Texas and federal versions of
the double jeopardy clause are identical. Stephens v. State, 806 S.W.2d 812, 814
(Tex.Cr.App. 1990), cert. denied, 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991).
That is to say, the Texas double jeopardy clause affords no greater protection than the
federal clause. Id. at 815. The double jeopardy clause specifically protects against three
distinct abuses by state authority: (1) a second prosecution for the same offense after
acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple
punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221,
2226, 53 L.Ed.2d 187, 194 (1977); Ex parte Rhodes, 974 S.W.2d 735, 738 (Tex.Cr.App.
1998). 

 To determine whether appellant's conviction for possession of marihuana bars
further prosecution for the same offense, we utilize the "same elements" test, which
considers whether each offense contains an element not present in the other. See
Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306, 309
(1932). If they do, they are not considered the "same offense" for double jeopardy
purposes, and a successive prosecution is not barred. See United States v. Dixon, 509
U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556, 568 (1993). The essential
elements relevant to a jeopardy inquiry are those of the charging instrument, not of the
penal statute itself. Parrish v. State, 869 S.W.2d 352, 354 (Tex.Cr.App. 1994); see also
State v. Perez, 947 S.W.2d 268, 272 (Tex.Cr.App. 1997). 

 By his trial brief and brief herein, appellant acknowledges that "courts should look
to the elements of the offense as described in the charging instrument as well as the
statutory elements when conducting a Blockburger analysis." Notwithstanding that
acknowledgment, however, appellant did not provide the trial court with a copy of the
instrument used to charge him with possession of marihuana. (1) Thus, appellant has failed
to preserve his double jeopardy claim. See Lara, 924 S.W.2d at 203 (holding it is the
accused's burden to establish a double jeopardy violation); cf. Gonzales v. State, 8 S.W.3d
640, 645 (Tex.Cr.App. 2000) (appellant has burden of presenting a record showing on its
face any multiple punishments violation). (2) Appellant's three points are overruled. 

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


Do not publish.
1. Appellant did provide the trial court with a certified copy of the judgment of
community supervision in the possession case; however, that document did not set out the
elements of the offense as alleged in the charging instrument.
2. We are not persuaded the State's stipulation at trial that "the marijuana that he is
convicted of possessing in the county court is the same marijuana that forms the basis of
the complaint in this case" establishes a double jeopardy violation on its face. The
protection against double jeopardy is inapplicable where, as here, separate and distinct
offenses occur during the same transaction. Spradling v. State, 773 S.W.2d 553, 556
(Tex.Cr.App. 1989). 



;  Appellant timely requested a reporter’s record, 

 
(3)the proceedings were recorded stenographically or by other means,

 
          (4)      a significant portion of the recording has been lost or destroyed
for reasons other than the fault of Appellant,

 
          (5)      the lost or destroyed portion of the record is necessary to the
resolution of the appeal, and



          (6)      the parties cannot agree on a complete reporter’s record.





          It is further ordered that the trial court shall cause the aforementioned hearing to be
transcribed by the official court reporter and included in a supplemental reporter’s record. 
So too is the trial court ordered to execute findings of fact and conclusions of law
addressing the six matters numerically itemized above and cause its findings and
conclusions to be included in a supplemental clerk’s record. Finally, the trial court shall
cause the supplemental reporter’s record and supplemental clerk’s record to be filed with
the Clerk of this Court on or before August 29, 2008. Should additional time be needed
for the trial court to comply with this order, an extension of time must be requested on or
before August 14, 2008.
          Also pending before this Court is Appellant’s Motion Requesting Extension of Time
to File Appellate Brief. Because Appellant’s brief is not due to be filed until after the
reporter’s record has been filed, said motion is rendered moot by this abatement.
          It is so ordered.
                                                                                      Per Curiam
Do not publish.