

# NUMBER 13-25-00539-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE JOHN D. FERRARA

## ON APPEAL FROM COUNTY COURT AT LAW NO. 5
## OF CAMERON COUNTY, TEXAS

# NUMBER 13-25-00684-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE JOHN D. FERRARA

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Peña and West
### Memorandum Opinion by Chief Justice Tijerina[1]

By notice of appeal filed in our appellate cause number 13-25-00539-CR and by petition for writ of mandamus filed in our appellate cause number 13-25-00684-CR, John D. Ferrara seeks to set aside an order[2] signed on September 22, 2025, that denied his first amended application for writ of habeas corpus. We address both causes in a single memorandum opinion in the interests of judicial economy and efficiency. In cause number 13-25-00539-CR, we dismiss the appeal, and in cause number 13-25-00684-CR, we deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This appeal and original proceeding arise from trial court cause number 2023-CCL-00553 in the County Court at Law No. 5 of Cameron County, Texas. The original trial judge was the Honorable Estela Chavez Vaquez, and after her recusal, the Honorable Rogelio Valdez was assigned to preside over the case. *See id.* R. 52.2.

## I.    BACKGROUND

Ferrara was convicted of the misdemeanor offense of harassment. *See* TEX. PENAL CODE § 42.07. He filed an application for post-conviction habeas relief on the basis that he was suffering collateral consequences from his conviction in the form of eligibility for federal employment and the inability to obtain licensure as a Texas peace officer. The trial court denied his application, and we affirmed that ruling on appeal. *See Ex parte Ferrara*, No. 13-21-00101-CR, 2022 WL 2348529, at *1 (Tex. App.—Corpus Christi–Edinburg June 30, 2022, no pet.) (mem. op., not designated for publication).

Thereafter, on or about July 17, 2023, Ferrara filed a second application for post-conviction habeas relief pursuant to article 11.09 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.09 (governing applications for writ of habeas corpus in misdemeanor cases).[3] On May 2, 2025, Ferrara filed a first amended application for habeas relief and a supplement to that application. On May 7, 2025, the judge held a non-evidentiary status hearing on the case and orally denied Ferrara's application. On May 14, 2025, Ferrara filed a motion for reconsideration. That same day, Ferrara filed a motion to recuse the judge, and the judge recused. Thereafter, the case was submitted to an assigned judge.

On June 12, 2025, the assigned judge held a non-evidentiary status hearing on the case. The assigned judge informed the parties that he would render a written order on the oral ruling originally rendered in the case and would proceed to consider Ferrara's motion for reconsideration of that ruling. On August 6, 2025, the assigned judge set

---

[3] In the underlying proceedings, the State advised the trial court that it was "not precluded from considering the merits of the second application because article 11.09—unlike articles 11.07, 11.071, and 11.072—does not require an applicant to surmount a subsequent-writ bar. *See* TEX. CODE CRIM. PROC. arts. 11.07, 11.071, 11.072, 11.09.

Ferrara's motion for reconsideration for a hearing to be held on September 25, 2025. On September 22, 2025, the trial court signed an order denying Ferrara's first amended application for habeas corpus relief which stated:

> On this the 12th day of June, 2025, came before the Court, and having been presented to the Court, the Court is of the opinion that it will adopt the decision of [the original judge] to DENY Petitioner's First Amended Application for Habeas Corpus Relief.
>
> IT IS THEREFORE ORDERED that Petitioner's First Amended Application for Habeas Corpus Relief be **DENIED**.

On October 22, 2025, Ferrara filed a notice of appeal regarding the September 22, 2025 order. In his notice of appeal, Ferrara stated that he also intended to pursue mandamus relief regarding this order. On October 24, 2025, the assigned judge signed "Findings on Petitioner's First Amended Application for Writ of Habeas Corpus." This order stated in relevant part that:

- On September 25, 2025, [the assigned judge] had a hearing where he took judicial notice of all documents, pleadings, prior rulings of the Thirteenth Court of Appeals and [the original judge], and arguments of both parties. Additionally, the Court took the Motion for Reconsideration under advisement and also requested from [Ferrara] to submit a transcript of his Plea of Nolo Contendere and of this proceeding. [The assigned judge] was to rule on the Motion for Reconsideration once he received and reviewed said transcripts.

- On October 22, 2025, [Ferrara] filed a Notice of Appeal and Intent to Seek Mandamus Relief with the clerk's office.

- On October 23, 2025, Court Administrator Monica Lopez emailed [the assigned judge] the Notice of Appeal before [the assigned judge] could rule on the Motion for Reconsideration in writing. [The assigned judge] considers this a premature Notice of Appeal which may prohibit him from submitting his ruling due to a potential lack of jurisdiction. In the alternative, if it is determined that the Court retains jurisdiction over this pending Motion for Reconsideration, the Court will let said Motion be DENIED by operation of law.

On December 29, 2025, Ferrara filed a petition for writ of mandamus challenging

4

the trial court's order, and on December 30, 2025, Ferrara filed an amended petition for writ of mandamus. The Court requested and received a response to the petition for writ of mandamus from the State. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.

## II. APPEAL IN CAUSE NO. 13-25-00539-CR

We first address the threshold issue of our jurisdiction over Ferrara's appeal. "The appealability of a habeas proceeding turns not upon the nature of the claim but upon the use of the procedure itself and the trial court's decision to consider the claim (i.e. 'issue the writ')." *Greenwell v. Ct. of Apps. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005) (orig. proceeding). When the trial court refuses to issue a writ or denies an applicant a hearing on the merits of the claims, there is no right to appeal. *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008); *see also Ex parte Breaux*, No. 09-25-00117-CR, 2025 WL 1450715, at *1 (Tex. App.—Dallas May 21, 2025, no pet.) (per curiam) (mem. op., not designated for publication). In making a merits-based decision on an application for a writ of habeas corpus, a trial court generally issues the writ, then considers evidence to determine whether the applicant's claims have merit and whether the requested relief should be granted. *See State v. Lara*, 924 S.W.2d 198, 203 (Tex. App.—Corpus Christi–Edinburg 1996, no pet.) (citing *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983)). A trial court may issue a merits-based ruling denying an application for pretrial writ of habeas corpus without formally issuing a writ or conducting an evidentiary hearing if the record reflects that it did so. *See Ex parte Villanueva*, 252 S.W.3d at 395 (recognizing that even when the trial court has not formally issued a writ, if the court rules on the merits, the court has "in effect, issued the writ").

5

The record does not show that either the original judge or the assigned judge issued a writ in this case. Further, neither the original judge nor the assigned judge held an evidentiary hearing on Ferrara's first amended application before the assigned judge signed the written order denying relief on September 22, 2025.[4] The order on Ferrara's first amended application for writ of habeas corpus states merely that the application is denied. There is no indication that the assigned judge considered the merits of the application before issuing the denial.[5] In fact, the order specifically states that the assigned judge "will adopt" the verbal ruling issued by the original judge. Thus, although the trial court's order states that it held a hearing on September 25, 2025, neither the record nor the order reflects a merits-based ruling on Ferrara's first amended application. We therefore conclude that we lack jurisdiction over the appeal. *See Ex parte Villanueva*, 252 S.W.3d at 394 (recognizing that a losing party may appeal from the denial of a writ of habeas corpus only when "there is a hearing held on the applicant's claims and there is a ruling on the merits of the claims").

### III.    PETITION FOR WRIT OF MANDAMUS IN CAUSE NO. 13-25-00684-CR

When a trial court refuses to issue a writ or denies an applicant a hearing on the merits, an applicant typically may file an application for a writ of mandamus. *See id.* By

---

[4] We note that Ferrara expressly contends that the assigned judge failed to hold an evidentiary hearing; whereas, the State contends that the assigned judge adopted the original judge's ruling after conducting an evidentiary hearing. After examining and fully considering the record, we agree with Ferrara. We have reporter's records from the May 7, 2025 hearing before the original judge and a June 12, 2025 hearing before the assigned judge, and neither hearing was evidentiary in nature.

[5] As discussed, the assigned judge held a hearing on September 25, 2025, after it had denied Ferrara's first amended application for writ of habeas corpus. The findings indicate that the assigned judge: (1) took judicial notice of certain matters at that hearing; (2) requested Ferrara to submit transcripts for the hearing on Ferrara's original plea and the September 25, 2025 hearing; and (3) planned to rule on the motion for reconsideration after considering those additional matters. Nothing in the record indicates that Ferrara supplied the assigned judge with the requested transcripts, and the record before this Court fails to include a transcript for the September 25, 2025 hearing. Ultimately, the assigned judge denied Ferrara's motion for reconsideration not on the merits but because of either a potential lack of jurisdiction or as a matter of law.

6

petition for writ of mandamus, Ferrara alleges that the trial court erred by: (1) treating his application for writ of habeas corpus as a "successive" writ; (2) dismissing his application despite the presentation of "new, previously unavailable evidence"; (3) failing to hold an evidentiary hearing or considering the merits of his application; and (4) denying relief when the State asserted that his plea to the underlying offense "was at least involuntary."

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3, 52.7.

The Court, having examined and fully considered Ferrara's petition for writ of mandamus, the State's response, and the applicable law, is of the opinion that Ferrara has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

## IV.    CONCLUSION

We dismiss the appeal in cause number 13-25-00539-CR, and we deny the petition for writ of mandamus in cause number 13-25-00684-CR.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
20th day of April, 2026.