**Juan Gilberto GARZA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–133–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1984.

Ernest Gamez, Jr., Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and UTTER, JJ.

## OPINION

SEERDEN, Justice.

Appellant was charged in one indictment with two counts of injury to a child and two counts of aggravated kidnapping. The jury found appellant not guilty on one of the injury to a child counts and guilty on the other three counts. Pursuant to TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.1984), in effect at the time, appellant was sentenced to life in the Texas Department of Corrections. We reverse and acquit in part and reverse and reform the trial court's judgment in part.

Before discussing the merits of this appeal, it is deemed appropriate to make the following observations and comments. The first concerns the quality of appellant's brief. On December 1, 1983, appellant's attorney, who represented appellant both at the trial and in this Court, filed a brief which failed to comply with Article 40.09 of the Code of Criminal Procedure. It contained no grounds of error and consisted essentially of a disjointed statement of the rulings of the trial court and a rambling and confusing discourse of appellant's theory of the case. In response to his own motion for an extension of time in which to file a brief which complied with the rules, this Court ordered counsel to file a proper appellate brief on behalf of his client. A second brief was filed; however, while it included more pages, it is as inadequate as the first. The second brief contains no specific assignments of error, and some of counsel's arguments are unintelligible. To illustrate, at the top of Page 6 of Appellant's First Supplemental Brief, the statement is made: "The appellant's first point of error is the indictment." Again, at the bottom of Page 10, appears the following: "Appellant contends the judge properly instructed the jury in that the court has not intended to express any opinion and if so to disregard it." Nevertheless, parts of the brief contain understandable arguments. We have therefore elected to consider appellant's brief in reviewing the case.

▬▬ Secondly, in order to properly dispose of this case, we must, in the interest of justice, address the unassigned error of appellant being convicted of three separate offenses charged as different counts in the same indictment.[1] The authority of the courts of appeals to consider unassigned error in criminal cases is not open to question. *Carter v. State,* 656 S.W.2d 468 (Tex. Crim.App.1983).

▬▬ When a single indictment charges two or more distinct non-property felonies in different counts, the accused may be convicted on only one count. *See Beaupre v. State,* 526 S.W.2d 811 (Tex.Crim.App. 1975). The issues must be addressed even though not assigned as error on appeal. *Garcia v. State,* 574 S.W.2d 133 (Tex.Crim. App.1978). As noted by Presiding Judge Onion in *Ex parte Easley,* 490 S.W.2d 570 (Tex.Crim.App.1972), a trial court is without legal authority to enter a judgment and sentence on a second count after having found him guilty on the first count and having assessed punishment on that count. Accordingly, reversal is required of the two aggravated kidnapping convictions of appellant.

While we note that the jury found appellant "not guilty" on count two, the trial court's sentence incorrectly states that appellant was convicted on this count.[2] The judgment of the trial court is therefore reformed to reflect an acquittal on count two.

At Page 14 of his First Supplemental Brief, appellant states: "The appellant contend [sic], that his instructed verdict for dismissal for insufficiency of evidence should have been granted." We take this to mean that appellant challenges the sufficiency of the evidence to sustain the conviction; therefore, it is necessary that we review the evidence to determine its sufficiency as to the offense charged in the first count in the indictment.

In the first count, appellant was charged with engaging in conduct that caused bodily injury to Gilberto Juan DeLeon, a child younger than 15 years of age, by then and there applying pressure to the child's throat with defendant's hands and arms. The evidence adduced at trial showed that DeLeon was approximately one year old when he was allegedly assaulted by appellant. The child, of course, did not testify at trial, and the State relied upon the testimony of four police officers and a doctor to establish that appellant had caused injury to the child.

---

1. *See McIntire v. State,* 662 S.W.2d 65 (Tex.App. —Corpus Christi 1983, Appellant's and State's pet. granted).

2. Appellant's counsel also failed to note this error.

The incident made the basis of this case arose out of what was apparently a family disturbance between appellant and a lady who was classified by one of the officers as "his live-in girl." (Hereinafter it will be necessary to refer to this lady by this term, since she is never identified in any other fashion in the record). The only parties who testified at the trial were the officers who answered the police call at an apartment complex, the hospital records clerk and the doctor who examined the alleged victim immediately after the incident.

Officer Sanchez, the first officer at the scene, testified that, when he arrived at the apartment complex, the appellant, his "live-in girl," and another lady were outside. Appellant was holding a two-month old baby girl, and, as the officer approached, he dropped the baby and ran towards the apartments. The "live-in girl" had blood coming from a cut on or about her eye. She directed Officer Sanchez to the apartment into which appellant had gone.

Officer Sanchez and the three other officers who arrived at the scene tried to get appellant out of the apartment. He had two small children in the apartment with him. There was great commotion. The officers succeeded in getting one of the children out the window of the apartment, but appellant used Gilbert, the other child and the alleged victim, as a shield between himself and the officers. He indicated he would not come out of the apartment and grabbed Gilbert by the neck and said, "If you are going to kill me you are going to have to kill the baby first and I'm going to use the baby as a hostage." The child was crying. Each of the officers testified that appellant held Gilbert close to him, and, apparently, he had one arm around his chest and his other hand or arm around the child's neck. The child was held in what was described as a "choke hold." The officers finally went into the room, took the child away from appellant and arrested appellant. It is unclear how much time elapsed from the time appellant went into the apartment until the officers took Gilbert from his grasp, but Officer Sanchez testified he answered the call initially around 1:00 or 1:30 a.m., and the emergency room hospital records show that the children, both Gilbert and the two-month old girl were examined at the hospital at 2:25 a.m., all on January 7, 1983.

Dr. Lonnie Schwirtlich testified that he examined the child on the morning of January 7, 1983, and found the child had a small abrasion around his right mandible and several minor abrasions over the chest. He testified, however, that he could not determine their cause and could only estimate that the abrasions were less than three days old. He further testified that he found no evidence of tenderness on the child's chest. He made one reference to finding bruises on the child, but this testimony was not further developed, and no evidence exists to show the location, severity or age of the bruises. No other witnesses testified as to the child's injuries.

While the officer's testimony clearly establishes that appellant held the child tightly and that the child was crying, there is insufficient evidence upon which to find that appellant caused injury to the child. The child could have been crying for reasons other than being in pain because of injury. He could have been merely frightened because of the general disturbance which, among other things, consisted of the breaking of a window, throwing of a beer bottle, and general shouting and confusion.

The doctor's testimony is no more helpful. While he testified that he found evidence on injury, he could not testify as to when or how the injuries occurred. His testimony is insufficient to show that the child's injury was so recent that it stemmed from appellant's conduct. In fact, in comparing Gilbert's injuries to those of Linda, the two-month old girl who appellant dropped before fleeing to the apartment, Dr. Schwirtlich testified that Linda's injury was probably the freshest.

█ In deciding whether there is sufficient evidence to support a criminal conviction it is necessary to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable

doubt. In order to do this, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, n. 12, 99 S.Ct. 2781, 2789, n. 12, 61 L.Ed.2d 560 (1979).

In applying this standard of review, we are guided by the principles set down in *Carlsen v. State,* 654 S.W.2d 444 (Tex. Crim.App.1983) and its companion cases, *Freeman v. State,* 654 S.W.2d 450 (Tex. Crim.App.1983); *Denby v. State,* 654 S.W.2d 457 (Tex.Crim.App.1983); *Wilson v. State,* 654 S.W.2d 465 (Tex.Crim.App.1983). Proof that appellant caused injury to the child is an essential element in this case.

■ While it is reasonable to infer that appellant caused injury to the child, it is also reasonable to infer that the injury was caused in some other fashion. This being true no rational trier of fact could rationally find the accused guilty beyond a reasonable doubt. *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App.1983). We therefore hold that the evidence to sustain appellant's conviction on the first count in the indictment is insufficient.

■ Although we reverse the convictions on the two aggravated kidnapping charges, we must address whether the evidence is sufficient, when it is challenged on appeal, because of double jeopardy implications. *Froyd v. State,* 633 S.W.2d 884 (Tex.Crim.App.1982). Although the testimony is contradictory, when viewed in the light most favorable to the jury's verdict, the evidence is sufficient to show that appellant abducted the children, used them as a shield, and threatened to kill them. The evidence supports the allegations in the third and fourth counts of the indictment.

Since we reverse appellant's conviction of injury to a child, discussion of other matters argued by appellant is not required.

The appellant's conviction arising from count one of the indictment is reversed, and the judgment is reformed to reflect an acquittal. The trial court's judgment is re-

formed to reflect that appellant was found not guilty of count two. Furthermore, the indictment will not support the aggravated kidnapping convictions alleged in counts three and four and these two aggravated kidnapping convictions are reversed.