David Lawson FRANKLIN, Appellant,

v.

The STATE of Texas, State.

No. 2–04–551–CR.

Court of Appeals of Texas, Fort Worth.

March 23, 2006.

Rehearing Overruled April 20, 2006.

Wallach, Andrews & Stouffer, P.C., Richard A. Henderson, Leslie Dillon Thomas, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Section, Danielle A. Legault, Walt Junker, Steven Jumes, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

PANEL B: DAUPHINOT, WALKER, and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

### I. INTRODUCTION

David Lawson Franklin was charged with one count of sexual assault of a child, four counts of indecency with a child, and three counts of sexual performance by a child. A jury found Franklin not guilty of sexual assault of a child, but convicted him on all seven other counts. Franklin brings two issues alleging that the evidence is legally insufficient to support the verdict.[1]

---

1. As conceded by the dissent the alleged     charge error discussed in the dissent was not

## II. Background Facts

On January 23, 2003, Franklin was at the Horizons Alternative School of the Fort Worth Independent School District (FWISD) awaiting a call from the FWISD regarding a substitute teacher's aide position for that date. While Franklin waited, one of the teachers at the school asked Franklin to watch his class while he walked down the hall to check on another teacher. Franklin agreed and was present in the classroom for approximately fifteen minutes. Five days later, the mother of a student in that classroom informed a representative of Horizon that her son had reported that sexually inappropriate behavior had occurred while Franklin was watching the classroom.

At trial, the students testified to the following events: (1) Franklin entered the classroom while two students, fourteen-year old S.W. and D.S., were joking around about having sex; (2) S.W. was the only girl in the classroom that day; (3) Franklin turned the classroom lights off, locked the door, and said to the boys in the classroom, "let me show you how its done"; (4) Franklin pulled S.W. behind a bookshelf and had sex with her; (5) Franklin was seen with his pants pulled down, while moving his hips back and forth in a sexual manner; (6) D.S. had sex with S.W. behind the bookshelf while Franklin acted as a lookout; (7) Franklin told the students that the teacher was returning to the classroom; and (8) S.W. and D.S. quickly pulled up their pants before the teacher entered the classroom.

S.W. initially denied that any such activity had taken place. But at trial, S.W. testified that Franklin pushed her back behind some bookshelves, pushed her down, pulled her pants down, and had intercourse with her. However, four other students testified that S.W. did not struggle, fight or yell out when Franklin had sex with her and that she "seemed to go along with it." S.W. stated that she did not report Franklin because she was afraid that he would lose his job if she told anyone about the incident.

## III. Legal Insufficiency

### A. Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Hampton v. State,* 165 S.W.3d 691, 693 (Tex.Crim.App.2005). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex.Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Margraves v. State,* 34 S.W.3d 912, 919 (Tex.Crim.App.2000). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). We must resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim.App.2000).

### B. Indecency with a Child

raised in the trial court or in this court.

Therefore, we have declined to address it.

In Franklin's first issue, he argues that the evidence is legally insufficient to support his conviction for indecency with a child, in that the State failed to meet its burden of proof with regard to the intent element of that offense. We disagree. The offense of indecency with a child consists of the following elements: 1) any touching of the anus, breast, or any part of the genitals, 2) of a child, 3) younger than seventeen years of age, 4) not the offender's spouse, and 5) with the intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. §§ 21.01(1)(B)(2), 21.11(a)(1) (Vernon Supp.2005 & Vernon 2003). The specific intent to arouse or gratify the sexual desire of a person can be inferred from conduct, remarks, or all the surrounding circumstances. *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Crim.App. [Panel Op.] 1981). Additionally, an oral expression of intent is not required, and a defendant's conduct alone is sufficient to infer intent. *Tyler v. State,* 950 S.W.2d 787, 789 (Tex.App.-Fort Worth 1997, no pet.).

Here, Franklin was convicted of four counts of indecency with a child. Counts two and three alleged that:

> [Franklin] did then and there intentionally, with the intent to arouse or gratify [his] sexual desire, ... engage in sexual contact by touching any part of the genitals of [S.W.], a child younger than 17 years and not the spouse of [Franklin, or] by causing [S.W.] to touch [his] genitals.

In counts seven and eight, the State alleged that:

> [Franklin], with the intent to arouse or gratify his sexual desire, ... engage[d] in sexual contact by causing [D.S.] to touch any part of the genitals of [S.W.], a child younger than 17 years and not [Franklin's] spouse, [or] by causing

[S.W.] to touch any part of the genitals of [D.S.].

Based on the testimony of S.W. and the other students in the classroom, a jury could have inferred that Franklin intended to arouse or gratify his sexual desire based on his conduct, remarks, and all of the surrounding circumstances. Thus, viewing this evidence in a light most favorable to the jury's verdict, we find that there was some evidence upon which a rational trier of fact could have found the essential elements of indecency with a child beyond a reasonable doubt. Therefore, we overrule Franklin's first issue.

### C. Sexual Performance by a Child

In Franklin's second issue, he contends that the evidence is legally insufficient to support his conviction for three counts of sexual performance by a child. To convict a defendant for the offense of sexual performance of a child, the State must show that the defendant, knowing the character and content thereof, employs, authorizes, or induces a child younger than eighteen years of age to engage in sexual conduct or a sexual performance. TEX. PENAL CODE ANN. § 43.25(b) (Vernon Supp.2005). Franklin argues that the evidence is legally insufficient to support his conviction on all three counts.

#### 1. Count Five

The State concedes that "there is no evidence to support count [f]ive, and requests that the judgment be [modified] as regards to count five." Accordingly, we sustain Franklin's second issue as to count five.

#### 2. Counts Four and Six

Franklin argues that the evidence is legally insufficient to support his conviction on counts four and six because the State failed to meet its burden of proof with regard to the issue of whether Franklin "employed, authorized or induced" sex-

ual conduct or a sexual performance. However when a statute such as this one, defines alternative methods of manner and means of committing an element, and the indictment alleges only one of those methods, the State must provide sufficient evidence to prove the specific manner and means alleged in the indictment. *See Gollihar v. State* 46 S.W.3d 243, 255 (Tex. Crim.App.2001); *Curry v. State* 30 S.W.3d 394, 404 (Tex.Crim.App.2000). Here, count four of the indictment alleged that Franklin committed the offense of sexual performance by a child "by authorizing . . . sexual intercourse between [S.W.] and [Franklin, or] by authorizing the sexual organ of [S.W.] to contact the sexual organ of [Franklin]." Count six of the indictment alleged that Franklin committed the offense of sexual performance by a child "by authorizing . . . sexual intercourse between [S.W.] and [D.S., or] by authorizing the sexual organ of [S.W.] to contact the sexual organ of [D.S.]." Thus, the State limited itself to proving the offense of sexual performance by a child based on the statutory manner and means of "authorized." Therefore, we limit our examination to whether the evidence was legally sufficient to support Franklin's conviction for sexual performance of a child by "authorizing" S.W. to engage in sexual conduct or a sexual performance.

The term "authorized," is not defined by statute. Therefore it must be given its common, ordinary, or usual meaning. *Roise v. State,* 7 S.W.3d 225, 242 (Tex. App.-Austin 1999, pet. ref'd), *cert. denied,* 531 U.S. 895, 121 S.Ct. 225, 148 L.Ed.2d 160 (2000). "Authorize" is defined as: 1) to give official approval to or permission for; 2) to give power or authority to; 3) to empower or commission; or 4) to give justification for or warrant. WEBSTER'S NEW WORLD DICTIONARY 94 (2d College ed.1986). Consequently, we must determine whether in common understanding,

Franklin authorized S.W. to engage in sexual conduct or a sexual performance with himself and/or with D.S.

### a. Count Four

Using the definition previously set forth, we find that the record contains some evidence that Franklin authorized the sexual conduct between himself and S.W. According to the State's evidence, Franklin was considerably older than S.W. and was in a position of authority over S.W. because he was a substitute teacher's aide. Additionally, the evidence shows that Franklin entered the classroom while several students were discussing sex; joined in on the sexual conversation that was taking place; closed and locked the door behind him; turned off the classroom lights; and pulled S.W. behind a bookshelf and voluntarily had sex with her. Based on this evidence, the jury could have believed that Franklin authorized the sexual conduct between himself and S.W.

Franklin contends that no authorization occurred because S.W. testified that the sexual conduct between herself and Franklin was not consensual. However, four witnesses testified that S.W. seemed willing to engage in sexual conduct with Franklin and that she did not struggle or resist his advances. And the jury is free to accept or reject any or all of the evidence of either party, and any or all of the testimony of any witness. *Hernandez v. State,* 161 S.W.3d 491, 500 & n. 28, 501 (Tex.Crim.App.2005).

Therefore, applying the commonly understood meaning of the word "authorize" and reviewing the evidence in the light most favorable to the verdict, we conclude that there was some evidence to support a finding that Franklin authorized S.W.'s sexual conduct. The evidence is therefore legally sufficient to support Franklin's conviction on count four of sexual perform-

ance by a child. Accordingly, we affirm the trial court's judgment as to this count.

### b. Count Six

■ As to count six, we also find some evidence that Franklin authorized S.W.'s sexual conduct with D.S. The record reflects that Franklin acted as a lookout while D.S. and S.W. were engaged in sexual activity and that Franklin warned S.W. and D.S. that their teacher was about to re-enter the classroom. And, as stated earlier, Franklin told D.S. that he wanted to "show [him] how it is done." From this evidence, the jury could have reasoned that Franklin gave his "official approval or permission" of S.W.'s participation in the sexual conduct with D.S. As in our analysis of count four, when applying the common understanding of the word "authorize" and reviewing the evidence in the light most favorable to the verdict, we conclude that there was some evidence to support a finding that Franklin authorized S.W.'s sexual conduct with D.S. The evidence was therefore legally sufficient to support Franklin's conviction on count six of sexual performance by a child. Accordingly, we affirm the trial court's judgment as to this count.

### IV. CONCLUSION

Having disposed of both of Franklin's issues, we modify the trial court's judgment to delete the conviction and sentence for sexual performance by a child as alleged in count five of the indictment. We affirm the trial court's judgment as modified. TEX.R.APP. P. 43.2(b).

DAUPHINOT, J. filed a dissenting opinion.

---

LEE ANN DAUPHINOT, Justice, dissenting.

This case raises grave issues, but because the majority neither addresses them nor abates to allow additional briefing, I am compelled to dissent.

Appellant was charged in a ten-count indictment with indecency with a child, sexual performance by a child, and sexual assault of a child. The jury acquitted him of sexual assault but found him guilty of two counts of sexual performance by a child and either two or four counts of indecency with a child. (The jury also convicted on count six, another count of sexual performance by a child, but both the State and Appellant agree that the conviction should not stand on that count. This dissent therefore does not address that count.)

#### NONUNANIMOUS VERDICTS

The jury charge did not require a unanimous verdict on any of the following counts: counts two, three, seven, and eight. A jury instruction is erroneous when it fails to require juror unanimity on at least one of the disjunctively submitted offenses.[1] The right to a unanimous jury verdict in a criminal case is protected by both constitution and statute.[2]

In *Francis v. State*,[3] the Texas Court of Criminal Appeals noted,

In *United States v. Holley*, the defendant was charged with two counts of perjury, and each count alleged multiple statements. At trial, the defendant objected to the jury instructions because the court failed to instruct the jury that it must be unanimous as to one particular statement in each count to find the

---

1. *Ngo v. State*, 175 S.W.3d 738, 748–49 (Tex. Crim.App.2005).

2. TEX. CONST. art. V, § 13; TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp.2005).

3. 36 S.W.3d 121 (Tex.Crim.App.2000).

defendant guilty. His objection was overruled.

The Fifth Circuit first examined the importance of an unanimous jury verdict. An unanimous jury verdict ensures that the jury agrees on the factual elements underlying an offense—it is more than mere agreement on a violation of a statute. The unanimity requirement is undercut when a jury risks convicting the defendant on different acts, instead of agreeing on the same act for a conviction.[4]

Yet, in the case now before this court, the jury was instructed to convict under counts two *and* three if they found *either* beyond a reasonable doubt and to convict under *either* count seven *or* eight if they found *either* beyond a reasonable doubt. The jury charge also provided in pertinent part:

> We, the Jury, find the Defendant, DAVID LAWSON FRANKLIN, guilty of the offense of Indecency with a Child as charged in Counts Two *or* Three of the indictment.
>
> . . . .
>
> We, the Jury, find the Defendant, DAVID LAWSON FRANKLIN, guilty of the offense of Indecency with a Child as charged in Counts Seven *or* Eight of the indictment. [Emphasis added.]

The jury returned a guilty verdict in both instances. It cannot be determined whether the jury found Appellant guilty of indecency as charged in count two or count three or count seven or count eight or all four counts or any combination thereof. Moreover, it cannot be determined how many jurors voted guilty as to each of these four counts. Nevertheless, the judgments in this case recite that Appellant was convicted of counts two *and* three *and* seven *and* eight. No verdict supports these judgments.

### PROBLEMS WITH SEXUAL PERFORMANCE STATUTE

The sexual performance statute itself, as drafted by our legislature, also presents grave issues. Although "sexual performance" would appear to require a performance, under the statute, a performance is not required.[5] Section 43.25(b) of the Texas Penal Code provides,

> A person commits an offense (sexual performance by a child) if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 18 years of age to engage in *sexual conduct or a sexual performance.*[6]

Sexual conduct is defined as

> actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola.[7]

In addition to count ten, which was waived, counts one and nine, the counts for which he was acquitted, and count six, Appellant was charged with two counts of sexual performance by a child on the "sexual conduct" prong—by authorizing actual or simulated sexual intercourse or genital-to-genital contact between the complainant and himself (count four) and by authorizing actual or simulated sexual intercourse between the complainant and S.T. (count five). Appellant was also charged with four counts of indecency with a child—by

---

4. *Id.* at 125 (citations omitted).

5. *See* TEX. PENAL CODE ANN. § 43.25(b) (Vernon Supp.2005).

6. *Id.* (emphasis added).

7. *Id.* § 43.25(a)(2).

touching the complainant's genitals (count two), by causing her genitals to touch him (count three), as a party, by causing D.S. to touch the complainant's genitals (count seven); and, without a party allegation, by causing the complainant to touch the genitals of D.S. (count eight).

The prosecution of this case equated "authorize" with "cause," allowing conviction under multiple statutes for the same act. The indecency statute, sexual assault statute, and sexual performance by a child statute all permit a conviction for the act of sexual assault of a child in this case because the act of sexual assault of a child, perforce, requires genital-to-genital contact.[8] Whether the actor is charged as a party or individually, he violates more than one statute for the same sexual conduct. The bizarre result in this case is that Appellant was acquitted of "causing" the complainant's sexual organ to contact his but convicted for "authorizing" actual or simulated sexual intercourse between them and for "authorizing" her sexual organ to contact his.

None of these issues was raised on appeal or in the trial court. Yet, in the interest of justice, they must be addressed. As our sister court in San Antonio has noted,

> Texas courts of appeals may entertain unassigned error. *See Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App. 1990); *Perry v. State,* 703 S.W.2d 668, 670 (Tex.Crim.App.1986); *Carter v. State,* 656 S.W.2d 468, 468–70 (Tex. Crim.App.1983). "A constitutional grant of power of appellate jurisdiction treats a right of appeal in criminal cases 'as a remedy to revise the whole case upon the laws and facts, as exhibited in the record.'" *Carter,* 656 S.W.2d at

468.... "Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute." [*Id.*] at 469. After jurisdiction attaches to a particular cause, a broad scope of review and revision has been asserted by the appellate courts of this state—one that is still recognized, acknowledged and confirmed by the Legislature. *Id.; see also* TEX.CODE CRIM. PROC. ANN. art. 44.25 (Vernon Supp. 20[ ]05). In accord with *Carter* are *Lopez v. State,* 708 S.W.2d 446, 448–49 (Tex.Crim.App.1986); *Barney v. State,* 698 S.W.2d 114, 123 (Tex.Crim.App. 1985); *Hall v. State,* 86 S.W.3d 235, 239 (Tex.App.-Austin 2002, pet. ref'd); *Frost v. State,* 25 S.W.3d 395, 399 (Tex.App.-Austin 2000, no pet.); *Rodriguez v. State,* 939 S.W.2d 211, 219–20 (Tex.App.-Austin 1997, no pet.); *State v. Lara,* 924 S.W.2d 198, 201 n. 3 (Tex.App.-Corpus Christi 1996, no pet.); and *Garza v. State,* 676 S.W.2d 185, 187 (Tex.App.-Corpus Christi 1984, pet. ref'd) (holding that the authority of a court of appeals to consider unassigned error in criminal cases is not open to question).[9]

I would abate the appeal and ask both the State and Appellant to brief these issues. Alternatively, I would address the unassigned error. Because the majority does not, I must respectfully dissent.

---

8. *See id.* §§ 21.11, 22.011, 43.25 (Vernon 2003 & Supp.2005).

9. *Sanchez v. State,* 182 S.W.3d 34, 58 (Tex. App.-San Antonio 2005, pet. filed).