

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00528-CR

ROBERT LEE BROWN, III                                         APPELLANT

V.

THE STATE OF TEXAS                                                 STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In one point, Appellant Robert Lee Brown III challenges the legal sufficiency of the evidence supporting his conviction for interfering with an emergency call. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

On the evening of August 29, 2012, Appellant woke up his stepdaughter, A.P.-D. (Avery), and asked her where her mother, Jennifer Brown, was. Appellant was angry that Brown was not at home to wake him up for work. Brown was at a neighbor's house and had given Avery her phone. Avery texted the neighbor, alerting Brown that Appellant was looking for her.

Brown returned home and immediately went into the bathroom to avoid an argument with Appellant. Appellant went in to the bathroom after Brown, and they began arguing. Brown tried to leave the bathroom but Appellant would not let her. Avery heard Brown banging on the bathroom door. Avery testified that she was alarmed because Appellant was yelling at her mother.

Brown eventually escaped the bathroom and went into Avery's bedroom. Appellant followed her into the bedroom. Appellant and Brown continued to fight and yell. Brown told Avery to call the police. Avery testified that she complied "[b]ecause [she] didn't feel safe, and [her] mother told [her] to." She said that she hoped the police would arrest Appellant because he would not leave her room and she did not think her mother "felt safe . . . from [Appellant]."

Avery dialed 911 and heard an operator answer. She was unable to speak to the operator because Appellant "wrestled" the phone away from her and hung up. Avery left the apartment and went to the neighbors' apartment and asked them to call the police. One of the neighbors described Avery as "hysterical[ly] crying."

As the neighbors and Avery left the neighbors' apartment, they saw a police car patrolling the neighborhood. They waved down the officer, who went to Appellant's apartment to investigate. Appellant admitted to the officer that he had taken the phone from Avery as she tried to call 911 because "he didn't believe that there was any reason for 911 to be called."

Appellant was charged with intentionally or knowingly interfering with an emergency telephone call and unlawful restraint. After a trial, a jury found Appellant guilty of interfering with an emergency telephone call but not guilty of unlawful restraint. The trial court sentenced Appellant to one hundred days' confinement in jail. Appellant filed this appeal.

## Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

## Discussion

Appellant does not dispute that he hung up the phone after Avery called 911. He argues only that there is legally insufficient evidence to support the trial court's finding that there had been an emergency at the time of the call. The penal code defines emergency as

3

a condition or circumstance in which any individual is or is reasonably believed by the individual making a telephone call to be in fear of imminent assault or in which property is or is reasonably believed by the individual making the telephone call to be in imminent danger of damage or destruction.

Tex. Penal Code Ann. § 42.062(d) (West 2011). A person commits an assault if the person intentionally, knowingly, or recklessly causes bodily injury to another, intentionally or knowingly threatens another with imminent bodily injury, or intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. *Id.* § 22.01(a) (West 2011). An assault is "imminent" if it is immediately going to happen. *See Stefanoff v. State*, 78 S.W.3d 496, 501 (Tex. App.—Austin 2002, pet. ref'd).

Avery testified that at the time of the phone call, she was alarmed because Appellant was yelling at her mother. She described Appellant as agitated, mad, and upset. She said she called the police because she "didn't feel safe, and [her] mother told [her] to." She also said she did not think her mother felt safe. When asked what she thought would have happened if the police had not come, she answered, "Violence."

One of the police officers who was at the scene testified that when he arrived, Appellant and Brown were still arguing and that it was "escalating." He testified that it was "more than, you know, just a simple domestic squabble." Brown was upset and crying and yelled for the officer to "remove [Appellant] from

4

the house."  Another officer testified that even after things had calmed down, Brown "began to get upset and more scared."

Brown testified that she tried to escape the bathroom because she was concerned that "[m]aybe something physical would have transpired."  Brown said that when she tried to leave the bathroom, Appellant pushed her back several times.  Brown testified that she told Avery to call 911 because Brown "felt like [Appellant] was going to do something to [her[ or [Avery]" and that she "thought he was going to hurt [her]."  She said that Appellant never goes into Avery's room, and the fact that he did was a "red flag."  Brown described Appellant as "abusive" and "violent."  When asked what assistance Brown wanted when she asked her daughter to call 911, she responded, "For the police to come to intervene because I thought he was going to hurt me at that time."  Brown was specifically asked if she had been in fear of imminent assault, and she responded, "Absolutely."

This evidence is sufficient to show that Avery or Brown reasonably feared imminent assault.  Both testified that Appellant was angry and that they thought he might hurt Brown.  *See Armstrong v. State*, No. 03-10-00046-CR, 2011 WL 1466856, at *6 (Tex. App.—Austin Apr. 14, 2011, no pet.) (mem. op., not designated for publication) (holding that circumstantial evidence that complainants were upset and scared by appellant sufficiently established their fear of imminent assault).  Brown stated that she was "[a]bsolutely" in fear of imminent assault, and the jury was free to believe her testimony.  *See Franklin v.*

5

*State*, 193 S.W.3d 616, 620 (Tex. App.—Fort Worth 2006, no pet.) ("[T]he jury is free to accept or reject any or all of the evidence of either party, and any or all of the testimony of any witness.") (citing *Hernandez v. State*, 161 S.W.3d 491, 500 & n.28, 501 (Tex. Crim. App. 2005)). The family's neighbor described Avery as "hysterical[ly] crying," and Avery testified that she "didn't feel safe." *See Peterek v. State*, No. 13-10-00494-CR, 2012 WL 3755528, at *4 (Tex. App.—Corpus Christi Aug. 29, 2012, pet. ref'd) (mem. op., not designated for publication) (holding the evidence sufficient when appellant's wife testified that she felt threatened by appellant, feared bodily injury, and called 911 because she thought it was an emergency); *In re J.A.G.*, No. 03-05-00004-CV, 2006 WL 1126194, at *3 (Tex. App.—Austin Apr. 28, 2006, no pet.) (mem. op.) (holding the evidence sufficient when an officer testified that the complainant "appeared distraught and upset" and said she was "a little bit intimidated" by the appellant). One of the police officers testified that Appellant and Brown's fight was "more than . . . just a simple domestic squabble." *See Jackson v. State*, 287 S.W.3d 346, 351 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that the evidence was sufficient that complainant was in fear of imminent assault when, among other things, she testified that appellant was in "a rage" and she thought he "was going to hurt [her]"). Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that an emergency existed at the time of the phone call. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. We overrule Appellant's point.

6

## Conclusion

Having overruled Appellant's point on appeal, we affirm the trial court's judgment.


                                        LEE GABRIEL
                                        JUSTICE

PANEL:  MCCOY and GABRIEL, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment)

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 3, 2013