

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00237-CR

———————————————

STEVIE JONES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. F17-1823-431

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

A jury found Appellant Stevie Jones guilty of committing assault-family violence, enhanced to a third-degree felony by Jones's 1990 conviction for the family violence-related murder of Yolanda Graves,[1] and the trial court assessed Jones's punishment at four years and five months' confinement. *See* Tex. Penal Code Ann. §§ 12.34, 22.01(a), (b)(2)(A). In a single issue, Jones challenges the sufficiency of the evidence to support his conviction, directing us to what he refers to as the "key elements" that he claims are unsupported by the evidence—the prior conviction for a family violence-related offense based on a dating relationship between him and Graves.[2] *See id.* § 22.01(b)(2)(A).

In our due-process evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder

---

[1]*See Jones v. State*, No. 05-90-01026-CR, 1992 WL 111051, at *1 (Tex. App.—Dallas May 26, 1992, no pet.) (not designated for publication).

[2]Federal due process requires that the State prove beyond a reasonable doubt every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979); *see* U.S. Const. amend. XIV. As authorized by the indictment, the State had to prove beyond a reasonable doubt that on or about September 27, 2016, Jones had intentionally, knowingly, or recklessly causing bodily injury to D.P., a member of his family or household or someone with whom he had a dating relationship, by grabbing, pushing, or striking her with his hand or choking her with his arm and that Jones had previously been convicted on August 24, 1990, in the 265th District Court of Dallas County, in cause number F88-81145-PR, of murdering someone with whom he had had a dating relationship. *See* Tex. Penal Code Ann. § 22.01(a), (b)(2)(A).

could have found the crime's essential elements beyond a reasonable doubt.[3] *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman*, 520 S.W.3d at 622.

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Queeman*, 520 S.W.3d at 622. Thus, when performing an evidentiary-sufficiency review, we may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on

---

[3]The record reflects that around mid-morning on September 27, 2016, Debra Black called 911 to report that 49-year-old Jones was holding his girlfriend, Black's 22-year-old granddaughter D.P., against her will. In her written statement to the police, D.P. stated that Jones had assaulted her with a belt, a cane, a shoe, and his fist, but at trial, almost two years later, she called her written statement "scribble scrabble" that she did not recall writing. Video footage from the arresting officer's body camera was admitted into evidence and published to the jury. On the video, D.P. speaks so softly that the recording does not pick up her statements, but the officer repeats D.P.'s statements without contradiction as follows: Jones punched her in the mouth and choked her until she lost consciousness; when she regained consciousness, he kicked her, punched her, and hit her with a belt, and he also tied one of her hands to a couch. When the officer spoke with Jones, he told her that nothing physical had happened between them. Jones's relative and two of his friends who had been staying at the house denied having heard anything. Photographs of D.P.'s mouth show that she suffered some sort of injury. Jones does not challenge the sufficiency of the evidence to support the remainder of the offense's elements, but the jury could have found those elements beyond a reasonable doubt based on the above and its credibility determinations.

the evidence's cumulative force when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Murray*, 457 S.W.3d at 448–49. The trier of fact is free to accept or reject all or any of the evidence of either party, and any or all of the testimony of any witness. *Franklin v. State*, 193 S.W.3d 616, 620 (Tex. App.—Fort Worth 2006, no pet.) (citing *Hernandez v. State*, 161 S.W.3d 491, 500 (Tex. Crim. App. 2005)).

To support the enhanced conviction, the State was required to prove beyond a reasonable doubt that Jones had previously been convicted on August 24, 1990, in the 265th District Court of Dallas County, in cause number F88-81145-PR, of murdering someone with whom he had had a dating relationship. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A). The trial court admitted into evidence Jones's penitentiary packet that contained his August 24, 1990 judgment of conviction for Graves's 1988 murder, which matched the above trial court and cause number information and which also included Jones's photographs, demonstrating to the jury that he was the same man on trial for the instant offense, and satisfying the first portion of this element.

4

To satisfy the remainder—that the murder victim, Graves, had been someone with whom Jones had had a dating relationship—the jurors had to find credible at least some of the following evidence:  the portion of the Dallas Court of Appeals's opinion, which affirmed Jones's murder conviction and which was read to them by a Denton County investigator;[4] the testimony by Demetris Bollin that when she was sixteen, Jones had dated Graves, her nineteen-year-old half-sister, and had been convicted of murdering her; and the testimony of Kevin Navarro, who had retired from the Dallas Police Department in 2012 after 31 years of service, and who had investigated and arrested Jones for the murder of Graves and described Jones as having been Graves's ex-boyfriend.  Navarro testified that he had determined Jones and Graves's relationship based on information from Graves's family members and friends; he did not speak with Jones's friends or family during his investigation.

As the jurors could have chosen to believe any, all, or none of the above, *see Franklin*, 193 S.W.3d at 620, they could have likewise chosen to disbelieve the testimony of Jones's relatives who at trial denied the existence of a dating relationship between Jones and Graves.  Jones's mother described their relationship as "business only."  Jones's brother also refused to characterize their relationship as a dating one, even though he acknowledged having seen Jones and Graves together on "a daily

---

[4]The Denton County investigator read to the jury the following:  "Yolanda Graves and Stevie Jones met and began dating in high school.  After Jones started buying Graves expensive presents and taking her on trips, Graves' father, [E.]D. Johnson, asked her to move from his house."

basis, pretty much" during the time period in question.  Instead, Jones's brother said he considered Graves "[j]ust another girl hanging out with [them]," explaining that in 1988, he and his brother had not had girlfriends but rather just "girls that [they], you know, mess[ed] with."

Presuming that the jury resolved any conflicting inferences in favor of the verdict and deferring to that resolution, as we must, we hold that there was sufficient evidence upon which the jury could have found beyond a reasonable doubt that Jones had had a dating relationship with Graves before he murdered her.  Accordingly, we overrule Jones's sole issue and affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 11, 2019