

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00261-CR

———————————————

THOMAS ARDARLYN CHANDLER AKA THOMAS ARDALYN CHANDLER,
Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1477977D

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellant Thomas Ardarlyn Chandler appeals his convictions for aggravated sexual assault and indecency with a child. In three issues, he contests the sufficiency of the evidence. We affirm.

In 2016, Chandler's step-daughter "Lisa" came forward with allegations that Chandler had abused her. Chandler was indicted on four counts. A jury found Chandler guilty on three of them: two counts of indecency with a child, for each of which the jury assessed punishment at ten years, and one count of aggravated sexual assault, for which the jury assessed punishment at twenty-five years. The trial court rendered judgments in accordance with the jury's findings, with the sentences to run concurrently. On appeal, Chandler complains of deficiencies in the evidence to support each of the three convictions.

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman*, 520 S.W.3d at 622.

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Queeman*, 520 S.W.3d at 622. We determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Murray*, 457 S.W.3d at 448–49.

We discuss Chandler's issues based on the order in which the underlying offenses occurred, beginning with his convictions for indecency. A person commits the offense of indecency with a child if, with a child younger than 17 years of age, the person engages in sexual contact with the child or causes the child to engage in sexual contact. Tex. Penal Code Ann. § 21.11(a)(1). "Sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. *Id.* § 21.11(c).

As to the conviction that resulted from his first act of indecency, Chandler says the evidence is insufficient because Lisa's testimony was vague and incomplete. This

3

abuse, Lisa testified, occurred when she was six or seven. According to Lisa, she and her mother had recently moved into an apartment complex in Arlington. Her mother began dating Chandler, and he moved in soon after. Lisa said that one day around that time, Chandler beckoned her into his bedroom. Lisa testified that Chandler was lying on the bed, and he picked her up and placed her so that she was "sitting on top of" his "private area" "below his stomach"—the body part he used "[t]o have kids."

On cross-examination, Chandler's counsel made the matter more explicit. He asked Lisa if it was her testimony that Chandler had sat her "on top of him, touching his penis to [her] vagina" while she "had clothes on." Lisa confirmed that this was her testimony and that similar incidents had happened "multiple times."

But Chandler argues that Lisa's description is insufficient to prove the offense of indecency as alleged in the indictment: that Chandler caused his genitals to contact Lisa's body through clothing. According to Chandler, Lisa "simply never stated that Appellant's penis ever contacted her body when she was sitting on Appellant[]." He says the evidence is therefore insufficient to sustain the conviction. We disagree.

The testimony of a child victim may be sufficient to establish the elements of indecency. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978); *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.) (mem. op.). "[W]e cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults." *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). Courts give wide latitude to testimony

4

by a child victim of sexual abuse. *Corporon v. State*, 586 S.W.3d 550, 562 (Tex. App.—Austin 2019, no pet.); *Thomas v. State*, No. 2-08-125-CR, 2009 WL 2356891, at *1 (Tex. App.—Fort Worth July 30, 2009, pet. ref'd) (per curiam) (mem. op., not designated for publication).

Thus, in one case, we found the evidence sufficient to sustain a conviction for aggravated sexual assault based in large part on the child complainant's testimony that when appellant was lying on a bed, he made the complainant "sit on" his penis, such that his penis was touching her "butt." *Parker v. State*, No. 2-05-265-CR, 2006 WL 2382901, at *5 (Tex. App.—Fort Worth Aug. 17, 2006, no pet.) (mem. op., not designated for publication). As the child explained to a child protective services worker, by this she meant that appellant had "put his 'private part' in her 'bottom.'" *Id.* We held that from the child's testimony and the adult CPS worker's clarification, the jury could rationally conclude that appellant committed the charged conduct: causing the child victim's anus to contact his sexual organ. *See id.* at *4–5.

As in *Parker*, Lisa described on direct how Chandler was lying on his bed, and he picked her up and placed her so that she was "sitting on" his "private area."[1] Also

---

[1]The term Lisa used—"private area"—is similar to language this court has often used to politely refer to genitalia in indecency cases. *See, e.g.*, *Villalobos v. State*, No. 02-12-00192-CR, 2013 WL 1830716, at *1 (Tex. App.—Fort Worth May 2, 2013, pet. ref'd) (mem. op., not designated for publication) (describing appellant's indecent contact with the complainant's "privates"); *Todd v. State*, Nos. 02-12-00114-CR, 02-12-00115-CR, 2013 WL 1457735, at *2 (Tex. App.—Fort Worth Apr. 11, 2013, pet. ref'd) (mem. op., not designated for publication) (similar, "private part"); *Neathery v. State*, Nos. 2-06-082-CR through 2-06-086-CR, 2007 WL 2331004, at *8 (Tex. App.—

as in *Parker*, this testimony was later clarified and made more explicit when, on cross-examination, Lisa agreed that Chandler had sat her "on top of him, touching his penis to [her] vagina" with "clothes on." From this, the jury could have rationally inferred that Chandler committed the charged conduct: causing Lisa's body to contact his genitals through clothing. And Chandler's "intent to arouse or gratify [his] sexual desire" can be inferred from the "conduct, remarks, [and] all the surrounding circumstances." *See Jimenez v. State*, 507 S.W.3d 438, 440 (Tex. App.—Fort Worth 2016, no pet.). The conduct (placing Lisa's vagina on his penis) and the circumstances (doing so while Lisa's mother was away, on a bed, while lying down) would have justified an inference of intent to arouse. *See, e.g.*, *Tienda v. State*, 479 S.W.3d 863, 870 (Tex. App.—Eastland 2015, no pet.) (finding evidence sufficient to show intent to arouse where appellant touched his penis to complainant's pelvis on her bed while her mother was away, though both complainant and appellant were clothed). We therefore hold the evidence sufficient to sustain this conviction for indecency.[2] *See Queeman*, 520 S.W.3d at 622.

---

Fort Worth Aug. 16, 2007, pet. ref'd) (mem. op., not designated for publication) (similar as to appellant's "private parts").

[2]Chandler does not assert that the evidence is insufficient in light of the fact that both he and Lisa were fully clothed during this incident. Nevertheless, we find multiple cases in which courts have upheld convictions for indecency even though both the complainant and the appellant were fully clothed. *Delacruz v. State*, No. 05-14-01013-CR, 2016 WL 1733461, at *2, *8 (Tex. App.—Dallas Apr. 28, 2016, pet. ref'd) (mem. op., not designated for publication); *Tienda*, 479 S.W.3d at 873–74; *Cantu v. State*, 366 S.W.3d 771, 774, 777 (Tex. App.—Amarillo 2012, no pet.); *Lane v. State*,

Next, Chandler challenges the sufficiency of the evidence to support his second indecency conviction. This conviction corresponds with an encounter that allegedly occurred after Lisa, her Mother, and Chandler had moved into a duplex elsewhere in Arlington. Lisa recalled that Chandler called her into the living room and told her to sit down. Lisa explained that Chandler began touching her vagina under her clothes with his hands. According to Lisa's testimony, Chandler eventually put his fingers inside her vagina.

However, Chandler says the evidence is insufficient because Lisa's trial testimony varied from the accounts that she initially gave to investigators years before. Chandler observes that according to the testimony of multiple investigators, Lisa either did not mention that she was digitally penetrated when she first disclosed the abuse or, in some cases, denied that this happened. CPS investigator Karen Burkett testified that when she spoke with Lisa, she did not mention that Chandler had put his fingers inside her. Detective Dara DeWall testified that when Lisa was forensically interviewed, she demonstrated the way in which Chandler touched her vagina and, according to the demonstration, Chandler's fingers did not enter her vagina. Stacey

357 S.W.3d 770, 772, 774 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see In re J.S.*, 35 S.W.3d 287, 290 (Tex. App.—Fort Worth 2001, no pet.). In *Tienda*, for instance, the appellant argued that the evidence must be insufficient because there were multiple layers of fabric between the two. 479 S.W.3d at 873. The court disagreed, reasoning that "[t]he statutory definition of sexual contact simply provides that it may occur through clothing—without reference to the number of layers of clothing or fabric separating the perpetrator and the victim." *Id.* Here, Lisa's testimony that Chandler "touch[ed] his penis to [her] vagina" is sufficient to establish the requisite contact, regardless of the clothes between them.

7

Henley testified that during Lisa's sexual-assault exam at the hospital, she denied that Chandler "put his finger . . . in [her] middle part," as Lisa described it. Chandler says that Lisa's trial testimony is inherently unreliable because it is inconsistent with her initial accounts.

However, each of these witnesses also confirmed that Lisa told them of an encounter when Chandler had touched the outside of her vagina with his hands, as she also testified at trial. Burkett testified that Lisa reported how Chandler had touched the "outside" of her "private parts with his hand." Henley testified that during her sexual-assault exam, Lisa recalled how Chandler used his hand to rub the outside of her vagina. Detective DeWall recalled the hand gesture that Lisa used to describe what Chandler did "with his hand on her vagina." And Alexis Harrison of Alliance for Children testified that during her forensic interview, Lisa described how Chandler used his hands to touch her "middle part" more than one time. This conduct would be consistent with the indictment's allegation that Chandler touched Lisa's genitals, regardless of whether Chandler digitally penetrated Lisa.

Moreover, to the extent that Lisa's trial testimony was inconsistent with her initial accounts, inconsistencies in the evidence must be resolved in favor of the verdict. *Bohannan v. State*, 546 S.W.3d 166, 178 (Tex. Crim. App. 2017); *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We have often applied this rule in indecency cases when there are inconsistencies between the child complainant's initial reports to investigators and the child's testimony at trial. *See, e.g.*, *Thompson v. State*,

8

No. 02-15-00301-CR, 2017 WL 710630, at *2–3 (Tex. App.—Fort Worth Feb. 23, 2017, pet. ref'd) (mem. op., not designated for publication); *Suarez v. State*, No. 02-10-00026-CR, 2011 WL 2518792, at *2 (Tex. App.—Fort Worth June 23, 2011, no pet.) (mem. op., not designated for publication); *Perez v. State*, No. 2-06-225-CR, 2007 WL 2744914, at *2, *4 (Tex. App.—Fort Worth Sept. 20, 2007, pet. ref'd) (mem. op., not designated for publication); *Franklin v. State*, 193 S.W.3d 616, 618–19 (Tex. App.—Fort Worth 2006, no pet.). In *Thompson*, for example, we held that the inconsistencies between the complainant's forensic interview and her trial testimony did not render the evidence insufficient. 2017 WL 710630, at *2–3. We reasoned that any inconsistencies might fairly be attributed to a number of inoffensive factors, none of which would by necessity render the complainant's testimony wholly incredible: the complainant's tender age; the passage of years between the offense, the outcry, and the trial; or the different settings under which each account was given—"being interviewed by a friendly social worker in a small room is hardly the same as testifying from the witness stand in a courtroom full of people." *Id.* at *2.

Similar considerations apply here. Lisa was only six or seven when the abuse began; she was eleven when she reported the abuse; and she was fifteen by the time of trial. She gave her initial accounts privately and to sympathetic investigators and nurses; she gave her trial testimony publicly and subject to vigorous cross-examination by Chandler's counsel. Thus, we resolve in favor of the verdict any inconsistencies in the details, chalking them up to her young age, the passage of time, and the change of

9

setting rather than some more serious problem of truthfulness. Lisa's testimony concerning Chandler's contact with her vagina—and the intent that may be inferred from the act and the circumstances—is sufficient to support this conviction for indecency. *See Queeman*, 520 S.W.3d at 622.

Finally, Chandler challenges the sufficiency of the evidence to support his conviction for aggravated sexual assault. A person commits the offense of aggravated sexual assault if the person causes the sexual organ of a child to contact the sexual organ of another person, including the actor, and the complainant is younger than 14 years of age. Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (a)(2)(B).

This conviction relates to an incident that, according to Lisa's trial testimony, occurred when she was eight or nine. Lisa testified that Chandler had her come into her mother's bedroom while her mother was at work. Lisa explained that she stood by the door, and Chandler said, "Come here." As Lisa told it, he grabbed her and told her to lay down on the bed; she was scared of him and afraid to walk away, so when he pushed her onto the bed, she complied. She recalled that as she lay at the edge of the bed, Chandler stood beside her and took off her clothes, took down his pants, and "rubbed his private part against" the top of her vagina. The State's other witnesses confirmed that Lisa gave similar accounts shortly after she disclosed the abuse.

But Chandler says that this version of events was impossible in light of the bed's dimensions and Chandler's physical proportions. He refers to testimony by two defense witnesses—Chandler and Lisa's mother—that the top of the bed stood

10

roughly two-and-a-half feet off the ground. It was undisputed that Chandler is six feet tall. Chandler testified that based on these figures, it would not have been physically possible for him to be standing at the edge of the bed and to place his penis on her vagina. Chandler argues that in light of this alleged impossibility, the evidence is insufficient to support the jury's conclusion that he caused his penis to contact Lisa's vagina.

A comparable argument was rejected in *Aleshire v. State*, No. 03-06-00712-CR, 2008 WL 269435, at *3–4 (Tex. App.—Austin Jan. 31, 2008, no pet.) (mem. op., not designated for publication). There, the child complainant testified that the appellant placed his mouth on her breast as she lay on the upper level of a bunk bed, which was five feet, four inches off the floor. *Id.* at *2. The appellant, who was six feet, five inches tall, argued that the evidence was insufficient because it was "physically impossible" for him to have placed his mouth on the complainant's breast based on the height of the bed. *Id.* at *2–3. The court disagreed, holding that it was the jury's duty to determine the credibility of the complainant's testimony and its weight relative to the evidence concerning the height of the bed. *Id.* at *4.

For the same reason, we will not disturb the jury's credibility determination in favor of the complainant. *See Queeman*, 520 S.W.3d at 622. The jury could have rationally believed Lisa's testimony that Chandler placed his penis on her vagina as she lay on the edge of the bed, and the jury could have disbelieved Chandler's testimony that a disparity in height somehow rendered this assault impossible. Indeed, the jury

could have rationally inferred that, assuming that Chandler had a normal anatomy, with genitals below the midline of his six-foot frame, this would put Chandler's genitalia directly level with Lisa's. Based on the testimony of Lisa and other witnesses who corroborated her telling of the assault, we hold that the cumulative force of the evidence is sufficient to support Chandler's conviction for aggravated sexual assault. *See Murray*, 457 S.W.3d at 448.

Having found the evidence sufficient to support all three of Chandler's convictions, we therefore overrule Chandler's appellate issues and affirm the judgments.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 23, 2020

12